328 So.2d 16 (1976)
STATE of Florida, Petitioner,
v.
Mark GIESEKE et al., Respondents.
No. 46804.
Supreme Court of Florida.
February 18, 1976.
Robert L. Shevin, Atty. Gen., and Richard G. Pippinger, Asst. Atty. Gen., for petitioner.
Loyd C. Mosley, Clearwater, for respondents.
BOYD, Judge.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, reported at 305 So.2d 6. Our jurisdiction *17 is based on conflict[1] between the decision sought to be reviewed and State v. Smith.[2] The facts of the case are as follows.
Having been charged by information with possession of marijuana paraphernalia in violation of the Florida Drug Abuse Law, Respondents filed a Motion to Suppress the Evidence and attacked the sufficiency of the affidavit upon which the search warrant was based, their main thrust being that this affidavit failed to include adequate allegations to establish probable cause for the search of a certain residence which was under the control and custody of one of the Respondents. The affidavit was sworn to by one Douglas H. Carey, detective of the Police Department of the City of Clearwater. The affidavit stated in part:
"Affiant's reasons for this belief are that in his capacity as a detective of the Clearwater Police Department, he had occasion within the past ten (10) days to supervise a controlled buy of marijuana wherein a reliable, confidential informant was searched, given twenty dollars ($20.00) in U.S. Currency, was observed entering the above described building and after a period of approximately fifteen (15) minutes the confidential informant was observed leaving the above described building and returning to the affiant, who again searched the confidential informant, who had in his possession one (1) baggie containing more than five (5) grams of suspected marijuana.
"Based on a conversation with the confidential informant, affiant believes that other dangerous drugs are located in the above described building."
The trial court granted Respondent's Motion to Suppress, and the District Court of Appeal, Second District, affirmed per curiam without a written majority opinion but with a dissenting opinion filed.
Upon careful examination of the record and the argument of counsel we are compelled to reverse the decision of the District Court of Appeal for the following reasons.
It is clear that, when all reference to hearsay testimony is eliminated, the fact that Affiant personally supervised the controlled buy resulting in the purchase of contraband from the described premises was sufficient probable cause to justify the warrant. In this Court's recent opinion in Findlay v. State,[3] we quoted with approval the following excerpt from State v. Smith:[4]
"`We have carefully reviewed the decisions of the United States Supreme Court in Spinelli v. United States [393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637] and Aguilar v. Texas [378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723]. The affidavits held insufficient in those cases were based almost entirely on reports received from informers without supporting factual allegations showing reliability and "underlying circumstances." The interpretation of Spinelli and Aguilar urged by respondents herein, would require the striking of a search warrant based on affidavits referring to tips from confidential informers not meeting Aguilar's test, even though the affidavit contained sufficient independent statements based on personal knowledge of the affiant. We are unwilling to adopt such a rule and do not believe Aguilar and Spinelli require it. An affidavit which is otherwise sufficient is not tainted by reference to a confidential tip, even though that tip be inadequate in itself under the Aguilar and Spinelli cases.' [Emphasis supplied]"
*18 Thus, the Findlay decision, supra, clearly indicates that superfluous hearsay information will not vitiate a determination of probable cause where that determination is sufficiently supported by direct testimony of an affiant who personally experienced events which by themselves generate probable cause.
Furthermore, based on United States v. Harris,[5] it was error for the trial court to suppress for lack of probable cause evidence seized pursuant to a valid warrant where that warrant relied in part on hearsay testimony of a reliable informant whose reliability and veracity were independently demonstrated through a successfully controlled buy. Additionally, it appears that both the trial court and the District Court of Appeal overlooked State v. Lewis,[6] which is factually analogous; in that case, the District Court of Appeal, Second District, stated, inter alia, "... such an affidavit need not even allege that the informant is a reliable source... ." Also factually similar is Law v. State,[7] in which the District Court of Appeal, Second District, specifically found that a search of the informant's person by the affiant both before and immediately after the purchase of the drug was sufficient personal knowledge on which to base the issuance of the search warrant.
Applying the directives of State v. Wolff[8] to the instant facts, we conclude (1) that the sworn testimony of the police officer was of sufficient quality to satisfy the test of truthfulness and integrity of the witness; (2) the successful controlled buy was a sufficient demonstration of the probable reliability of the informant's intelligence information relative to the presence of additional contraband on the premises; and (3) the controlled buy alone is sufficient factual premise from which the Affiant and the Magistrate could conclude that additional contraband remained on the premises.
For the foregoing reasons, the decision of the District Court of Appeal, Second District, is quashed and this cause is remanded for further action in the trial court consistent herewith.
It is so ordered.
ADKINS, C.J., and ROBERTS, ENGLAND and HATCHETT, JJ., concur.
NOTES
[1] Article V, Section 3(b) (3), Florida Constitution.
[2] 233 So.2d 396 (Fla. 1970).
[3] 316 So.2d 33 (Fla. 1975).
[4] Supra, Note 2 at 398.
[5] 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).
[6] 225 So.2d 170 (Fla.App. 1969); cert. den. 232 So.2d 178 (Fla.).
[7] 292 So.2d 596 (Fla.App. 1974).
[8] 310 So.2d 729 (Fla. 1975).