BOYER, Judge.
The State appeals an order of the trial court suppressing evidence on the basis that the search warrant was improvidently issued.
The affidavit of the police officer, which was the only basis for the issuance of the search warrant, alleged that he had reason to believe and did believe that on certain premises used by appellee was concealed and possessed “a controlled substance described as: valium, percodan, dexamyl and dilaudid in violation of Section 893.13(l)(e), Florida Statutes.” Said affidavit further recited that:
“[Wjithin the past month your affiant has been working with a confidential informant who advised your affiant that he has been inside the above described dwelling within the past month and had personally observed a quantity of drugs controlled by Ch. 893 F.S., therein.
“Based on the above information, your affiant met with said informant within the past 20 days, searched said informant and found him to be free of any contraband or controlled drugs. Your affiant then followed said informant to the above described dwelling and observed him as he entered the dwelling. A short time later, said informant emerged from the above described dwelling and went to a pre-arranged location where he turned over to your affiant a quantity of a controlled drug, recognized as such by your affiant and verified by comparison with the Physician’s Desk Reference, which he stated he had obtained from within the-above described dwelling. • ’
“During all times pertinent hereto, you affiant had said confidential informant under observation except for the time said confidential informant was inside above described dwelling.
*1251 “After turning over the controlled drug he had obtained from within the dwelling the informant stated that there was still a quantity of the same drug along with valium, percodan, dexamyl and dilauid inside the dwelling.
“Your affiant has been a member of the Vice Division of the Jacksonville Sheriff’s Office for over four (4) years and is familiar with and able to recognize drugs controlled by Ch. 893 F.S.”
Appellee argues that if the factual basis, as alleged in the affidavit, is sufficient for the issuance of a search warrant of a residence in the State of Florida, then there is virtually no residence not subject to search. We agree.
It will be noted that the controlled substance, valium, percodan, dexamyl and dilauid, are medicines not infrequently prescribed by physicians and dispensed by pharmacists. For aught that appears in the affidavit the confidential informant slipped into the appellee’s residence, surreptitiously removed medication from a container bearing a prescription number and slipped back to the place where the officer, affiant, was waiting. There is no allegation that the controlled substances were illegally obtained, illegally retained nor that the quantity turned over to the officer by the informant was either sold or delivered by appellee or any occupant of said residence to said informant.
Lest this opinion be misunderstood and improperly cited as authority, we hasten to state that we do not here hold that recitation of unlawfulness, illegality, sale, delivery, nor that the occupant of the premises to be searched is not a physician or pharmacist, either or all, are essential to the adequacy of a factual statement recited in an affidavit for the issuance of a search warrant. Obviously the recitations in the affidavit will be different, depending on the facts of each case, and whether the controlled substance is an ordinary prescription drug or contraband such as marijuana or heroin. The facts alleged must, however, be sufficient to establish grounds for probable cause to believe that the laws are being violated. As already stated, it is apparent from a reading of the factual recitation in the subject affidavit that every fact there alleged could well be true and yet there be no probability of the violation of any law, except perhaps by the informant himself. The State, repeatedly in oral argument, urged that obviously the law had been violated because the informant was in possession of a controlled substance without a prescription which controlled substance was obtained from appellee’s residence. That position, however, begs the question. Obviously appellee may not be charged with the unlawful conduct of the State’s confidential informant.
AFFIRMED.
McCORD, C. J„ and MASON, ERNEST E., Associate Judge, concur.