SHIVERS, Judge.
William Earl Campbell appeals trial court’s order denying his motion to suppress search warrant issued in this cause and all evidence seized thereunder. We reverse.
Appellant Campbell pled nolo contendere to the charge of possession of controlled substances in violation of section 893.13(1), Fla.Stat. (1981), and was adjudged guilty. The information charging Campbell with the crime was based on evidence obtained pursuant to a search warrant. Campbell moved to suppress the evidence seized on the basis that the search warrant was invalid and issued without probable cause.
Campbell argues that the trial court erred in denying his motion to suppress because the affidavit in support of the search warrant does not meet the Aguilar-Spinelli test for reliability. (Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)). Campbell specifically contends that the affidavit does not indicate whether the confidential informant was known to the affiant to be reliable. Appellant maintains this omission requires reversal of the trial court’s denial of Campbell’s motion to suppress. See Davis v. State, 346 So.2d 141 (Fla. 1st DCA 1977).
The State maintains that the affidavit was not based on hearsay but on the independent observations of the affiant. Thus, the State asserts, the trial court did not err in denying appellant’s motion to suppress, even though the State did not establish the reliability of the confidential informant in the affidavit.
It is not necessary to determine whether the affidavit satisfies the Aguilar-Spinelli test. Even considering the hearsay statements, the affidavit is insufficient to justify the issuance of a warrant to search the premises.
In State v. Gieseke, 328 So.2d 16 (Fla.1976), the Florida Supreme Court held that where an affiant in an affidavit personally supervises a “controlled buy” resulting in the purchase of marijuana from within a described premises, that fact alone establishes sufficient probable cause to justify a warrant to search the premises, even where hearsay testimony from a confidential informant is contained in the affidavit. The court further held that the successful “controlled buy” was a sufficient demonstration of the probable reliability of the informant’s hearsay statements relative to the presence of additional contraband on the premises.
In State v. Baxter, 356 So.2d 1250 (Fla. 1st DCA 1978), our court was confronted with a factual situation somewhat similar to Gieseke but reached a contrary result. There, the affiant, a police officer, stated that he had searched the informant before he entered the house and found him to be free of drugs, had observed the informant enter a building, and had searched the informant upon leaving the building and discovered a controlled substance described as valium, percodan, dexamyl and dilauid in his possession. We held that this evidence was insufficient to justify the issuance of a warrant to search the premises. In reaching that holding, we noted that:
... the controlled substance, valium, per-eodan, dexamyl and dilauid, are medicines not infrequently prescribed by physicians and dispensed by pharmacists. For aught that appears in the affidavit the confidential informant slipped into the appel-lee’s residence, surreptitiously removed medication from a container bearing a prescription number and slipped back to the place where the officer, affiant, was waiting. There is no allegation that the controlled substances were illegally obtained, illegally retained nor that the quantity turned over to the officer by the *610 informant was either sold or delivered by appellee or any occupant of said residence to said informant, (emphasis supplied)
Id., at 1251.
We further noted that:
Obviously the recitations in the affidavit will be different, depending on the facts of each case, and whether the controlled substance is an ordinary prescription drug or contraband such as marijuana or heroin, (emphasis supplied)
Id., at 1251.
Based on the above facts, Baxter is distinguishable from Gieseke on two grounds. First, in Baxter, unlike Gieseke, there is no evidence of a “controlled buy.” Second, Baxter and Gieseke are distinguishable based on the fact that the controlled substances in Baxter (valium, percodan, dexa-myl, dilauid) are drugs which may be legally obtained and possessed with a prescription. Marijuana, on the other hand, the controlled substance in Gieseke, is a Schedule I drug which has no currently accepted medical use. See section 893.03 (l)(c), Fla.Stat. (1982).
The facts of the instant case appear to be identical to those presented in Baxter. The affidavit states, in part:
That within the past five days, the affi-ant was contacted by a confidential informant, who stated that Quaaludes were being kept and sold at the above described location. After first searching the confidential informant and finding no drugs, the affiant observed the confidential informant go to and enter the above described location, staying approximately five minutes. The affiant then observed the confidential informant leave the above described location, returning directly to the affiant, turning over a quantity of white pills which appeared to be Quaalude. The affiant then field tested the substance with a Narcoban Test Kit, which proved positive for Methaqualone (Quaalude). From the above stated facts, the affiant does believe that Quaalude is being kept and sold at the above described location.
And I am satisfied that there is probable cause to believe that the property so described is being concealed on the (person), (premises), motor vehicle(s) above described and that the foregoing grounds for application for issuance of the search warrant exist.
Based on a reading of the above, it is apparent that the present case is distinguishable from Gieseke on the same grounds as Baxter. Here, there is no allegation or evidence to indicate the presence of a “controlled buy.” In addition, at the time of the crime, the controlled substance in this case, like the controlled substance in Baxter, had some accepted medical use. See section 893.03(2)(c), Fla.Stat. (1981). Based on these distinctions and the authority of Baxter, we reverse.
We note, however, that in 1982 the Legislature changed the classification of metha-qualone from a Schedule II to a Schedule I drug. See section 893.03(l)(d), Fla.Stat. (1982). Although we note this change, we do not address the question of whether our decision in this case would be any different under the 1982 statute.
REVERSED and REMANDED with direction to vacate the order denying appellant’s motion to suppress the evidence, and to grant the same.
ROBERT L. SMITH, Jr., C.J., and THOMPSON, J., concur.