NIMMONS, Judge.
Crews appeals from an order denying his motion to suppress heroin and firearms seized from his residence pursuant to the execution of a search warrant. Subsequent to the entry of the order denying his motion, the defendant entered a plea of nolo contendere to the offenses of possession with intent to sell a controlled substance and possession of a firearm by a convicted felon, reserving the right to appeal the order.
Crews asserts that the affidavit in support of the search warrant was facially insufficient. For our purposes, the principal allegations of the affidavit were as follows: that within the past ten days, affiant, Officer Watson of the Jacksonville Sheriff’s Office, accompanied a confidential informant to the subject residence; that he personally searched the informant and determined that he was not in possession of any controlled substances; that he gave the informant money with which to buy a quantity of controlled substance; that he personally observed the informant purchase foil packets which were handed to the informant through a window at the side of the residence by a person inside such residence. Officer Watson then recovered from the informant the foil packets which proved to contain heroin. Crews asserts that the affidavit was deficient because it failed to allege facts demonstrating that there was probable cause to believe that additional controlled substances remained inside the premises after the controlled buy. We reject Crews’ argument.
In State v. Gieseke, 328 So.2d 16 (Fla.1976), a search warrant was issued predicated upon an affidavit which described a controlled buy of marijuana at the premises of the defendant. The affidavit also included the statement:
Based on a conversation with the confidential informant, affiant believes that other dangerous drugs are located in the above described building.
Analyzing the affidavit’s sufficiency minus the above language, the Supreme Court stated:
It is clear that, when all reference to hearsay testimony is eliminated, the fact that affiant personally supervised the controlled buy resulting in the purchase of contraband from the described premises was sufficient probable cause to justify the warrant.

[T]he controlled buy alone is sufficient factual premise from which the affiant and the magistrate could conclude that additional contraband remained on the premises. [328 So.2d at 17, 18]
*711 Crews also asserts that the search warrant was executed in such a manner as to violate Section 933.09, Florida Statutes, the “knock and announce” statute. Several witnesses testified regarding the manner in which the warrant was executed and there was competent substantial evidence supporting the trial court’s finding that the officers complied with the statute.
The trial court’s order denying the motion to suppress is, therefore, AFFIRMED.
LARRY G. SMITH and JOANOS, JJ., concur.