BERANEK, Judge.
The State appeals an order granting the defendant’s motion to suppress physical evidence. Cocaine was found in defendant’s home when it was searched pursuant to a search warrant. The warrant was based on probable cause established after a confidential informant participated in a “controlled buy” under the direction of the County Sheriff’s Organized Crime Bureau. The informant was searched immediately before and after the buy to guarantee that no money or contraband was hidden on her person. Based on the fact that the officer did not perform a sufficient body search, the trial court found that the warrant was based on less than probable cause, and the defendant’s motion to suppress was granted. We reverse.
The subject of the requirements of search warrants issued on the basis of tips of confidential informants has recently been considered by the United States Supreme Court. In Illinois v. Gates, et ux.,-U.S. -, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), it was at least made clear that when analyzing affidavits based on an informant’s tips, the magistrate should consider the totality of the circumstances to determine whether probable cause exists, as opposed to applying the rigid two-pronged test espoused by Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1969), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).
In this case, considering the totality of the circumstances established by the affidavit considered by the magistrate, it is clear that he had a substantial basis for concluding that probable cause existed.
We hold that it was not necessary to require a strip search of the informant in order to establish probable cause given the circumstances of this case. Therefore, the decision of the lower court granting the motion to suppress is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
ANSTEAD, C.J., and HURLEY, J., concur.