442 So.2d 346 (1983)
STATE of Florida, Appellant,
v.
Mamie COHEN, Appellee.
No. 83-418.
District Court of Appeal of Florida, Fifth District.
December 8, 1983.
*347 Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellant.
No appearance for appellee.
COBB, Judge.
The defendant-appellee, Mamie Cohen, was charged with possession of cocaine. She filed a motion to suppress evidence, including cocaine, found during a search of her trailer, pursuant to a search warrant. The issue at the suppression hearing was whether or not the affidavit for the warrant was sufficient to demonstrate probable cause.
The affidavit in issue, after setting out a description of the place to be searched, states:
On 08-09-82, at 1000 hours, a confidential informant was searched at the Ocala Police Department and had no drugs or money. Informant was given $25 ($10.00 bill Serial # B74930211C, $10.00 bill Serial # F96112392A, $5.00 bill Serial # C19782359B). Informant was driven to Wishful Thinking by affiant and dropped off. Affiant observed informant walk to Mamie Cohen's trailer, knock on door and then enter. Informant was in the trailer approximately one minute and exited. Informant walked north to Northwest 10th Street, then east approximately 200 feet and affiant received a packet with a white substance, from informant. Informant was returned to Police Department and searched again and had no money or drugs.
Writer performed a field test on the substance with positive results for cocaine. Affiant placed the cocaine into evidence. Affiant believes that sufficient Probable Cause has been demonstrated to indicate that cocaine is present in the above described residence and request the issuance of a Search Warrant.
After a hearing, the court granted the motion, finding:
1. The affidavit for search warrant herein is primarily based on hearsay from an undisclosed confidential informant; and further
2. That the reliability of the undisclosed confidential informant is not adequately demonstrated in the affidavit for search warrant... .
The trial court also entered an order granting an oral motion to dismiss by the defense. From these orders, the state has filed a timely appeal.
The trial court's finding that the affidavit was primarily based on hearsay is incorrect, since the affiant personally supervised the controlled buy of cocaine from the defendant.
In State v. Gieseke, 328 So.2d 16 (Fla. 1976), the defendant, charged with possession of marijuana paraphernalia, filed a motion to suppress, alleging the insufficiency *348 of the affidavit of a police officer, upon which the search warrant was based. The defendant claimed that the affidavit failed to include adequate allegations to establish probable cause for the search.[1] The trial court granted the motion to suppress, and the Second District affirmed. The Supreme Court reversed, noting that, when all reference to hearsay testimony is eliminated, "the fact that affiant personally supervised the controlled buy resulting in the purchase of contraband from the described premises was sufficient probable cause to justify the warrant." 328 So.2d at 17. The court concluded:
(1) The sworn testimony of the police officer was of sufficient quality to satisfy the test of truthfulness and integrity of the witness;
(2) The successful controlled buy was a sufficient demonstration of the probable reliability of the informant's intelligence information relative to the presence of additional contraband on the premises; and
(3) The controlled buy alone was a sufficient factual premise from which the affiant and the magistrate could conclude that additional contraband remained on the premises.
328 So.2d at 18. See also Crews v. State, 431 So.2d 709 (Fla. 1st DCA 1983) (controlled buy of drugs sufficient to support search warrant); State v. Parker, 407 So.2d 355 (Fla. 2d DCA 1981) (controlled purchase of illegal bet seen sufficient to determine probable cause for search warrant in a bookmaking prosecution).
Geiseke and the cases that have followed it show that the first basis for the trial court's finding of insufficiency (hearsay) was erroneous. Here, there were clearly sufficient factual allegations made by the officer, based on personal knowledge, to show sufficient probable cause for the issuance of a warrant.
The trial judge's second finding, that the reliability of the undisclosed informant was not adequately demonstrated, seems based on the "two-pronged test" of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), which required (1) revealing the informant's "basis of knowledge" and (2) providing sufficient facts to establish either the informant's "veracity" or the "reliability" of the informant's report. While the affidavit here does not state a conclusory allegation that the informant was reliable,[2] this is no longer a requirement in the issuance of a warrant, based on Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In Gates, the Supreme Court abandoned the "two-pronged test," replacing it with a totality of the circumstances analysis. Under this analysis, the court stated:
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to insure that the magistrate had a "substantial basis for concluding that probable cause existed."
103 S.Ct. at 2332. See also Smigiel v. State, 439 So.2d 239 (Fla. 5th DCA 1983); *349 State v. Jacobs, 437 So.2d 166 (Fla. 5th DCA 1983).
In the instant case, the "totality of the circumstances" before the judge issuing the search warrant constituted sufficient probable cause to support the warrant, particularly in light of the pre-Gates opinion of the Florida Supreme Court in Gieseke. The trial court erred in suppressing the evidence and in dismissing the cause.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.
NOTES
[1] The affidavit in Gieseke read as follows:

Affiant's reasons for this belief are that in his capacity as a Detective of the Clearwater Police Department, he had occasion within the past 10 days to supervise a controlled buy of marijuana wherein a reliable, confidential informant was searched, given $20.00 in U.S. Currency, was observed entering the above described building and after a period of approximately 15 minutes the confidential informant was observed leaving the above described building and returning to the Affiant, who again searched the confidential informant, who had in his possession one baggie containing more than five grams of suspected marijuana.
328 So.2d at 17.
[2] The affidavit in Gieseke did state that the informant was reliable.