530 So.2d 514 (1988)
Wilfredo SOTOLONGO, Appellant,
v.
STATE of Florida, Appellee.
No. 86-3246.
District Court of Appeal of Florida, Second District.
September 7, 1988.
*515 Richard Escobar of Jones & Escobar, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
What was said in the affidavit underlying the search warrant in this case was sufficient to support a finding of probable cause by the judge who issued the warrant. The problem is not what the affidavit said, but what it didn't say.
The affiant was Detective Rodriguez of the City of Tampa Police Department. Detective Rodriguez described in the affidavit a confidential informant's "controlled buy" of drugs from the appellant's residence some time between March 17, 1986, and March 20, 1986. The appellant attacks the sufficiency of the affidavit for failure to show that the confidential informant was reliable. Our supreme court has held that a controlled buy alone is a sufficient factual premise from which the affiant and the issuing magistrate could conclude that contraband remained on the premises. State v. Gieseke, 328 So.2d 16 (Fla. 1976). We agree with the state that in such a case, the reliability of the informant need not be established since information obtained from him is not the basis for the finding of probable cause.
Detective Rodriguez executed his affidavit on March 31, 1986, eleven to fourteen days after the controlled buy. The warrant was issued on the same date. The appellant's second challenge focuses on the length of time between the controlled buy and the issuance of the warrant. We reject the appellant's "staleness" argument because the length of time in this case was not so great as to detract from the probable cause established by the controlled buy. See Zaner v. State, 444 So.2d 508 (Fla. 1st DCA 1984); Hamelmann v. State, 113 So.2d 394 (Fla. 1st DCA 1959).
Thus, as we have said, we find the affidavit in this case to be sufficient on its face. However, the appellant has asserted a third point regarding the affidavit which we believe has merit. Detective Rodriguez testified that after the controlled buy, a further attempt was made to purchase drugs from the appellant's residence and that attempt failed. He said he felt the attempt failed because the persons might have gotten suspicious that the police were involved and had moved the drugs out of the residence. Thus, he said, he waited until March 31 "for everything to cool off for us to go there to make sure they had re-upped and when I went to the house there was cocaine there." In reading the testimony of Detective Rodriguez, we are convinced that he omitted this information from the affidavit in good faith. As he said, "I had my probable cause. I had my controlled buy."
We have found no Florida case dealing with a situation where relevant information has been omitted from a facially sufficient search warrant affidavit, and neither the state nor the appellant has suggested to us an appropriate analysis for resolution of the question. It is clear that a defendant may attack the veracity of the affidavit underlying a search warrant. Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). In the Franks case, the Supreme Court dealt with allegedly false statements in the affidavit. Courts in other jurisdictions have recognized that the reasoning of the case logically extends to material omissions from the affidavit. 2 W. LaFave, Search and Seizure § 4.4(b), at 194 (2d ed. 1987). This view is nicely discussed and applied in State v. Lehnen, *516 403 So.2d 683 (La. 1981). The court held there that when a question is raised as to material omissions from the search warrant affidavit, the court reviewing the matter should consider the affidavit as though the omitted facts were included and then evaluate the presence of probable cause in light of the added facts. This is true whether the facts were intentionally omitted or omitted in good faith. The rule should be applied if the omitted facts were nevertheless relevant and should have been included.
Paraphrasing Detective Rodriguez' testimony concerning the omitted facts, after the controlled buy which he described in the affidavit, a further attempt was made to purchase drugs from the appellant's residence and that attempt did not succeed because, Detective Rodriguez believed, the occupants of the house had removed the drugs from the house, so that the detective waited a sufficient length of time to apply for the warrant in order to give the occupants an opportunity to resupply. This information shows that, rather than probable cause to believe drugs present on the premises because of the controlled buy, Detective Rodriguez really was asking that the warrant be issued based upon Detective Rodriguez' belief that, although the drugs probably had been previously taken from the residence, enough time had elapsed that the occupants had obtained a new supply. In our view, this information would not support a finding of probable cause for the issuance of the search warrant. Under such circumstances, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit. Franks.
Accordingly, we reverse the trial judge's order denying the appellant's motion to suppress the evidence against him.
Reversed and remanded.
SCHOONOVER and PARKER, JJ., concur.