PER CURIAM.
The State of Florida challenges the trial court’s order granting a motion to suppress evidence seized during the execution of a search warrant. We reverse.
The state filed an information charging the appellee with possession of methamphetamine, cannabis, and drug paraphernalia. The appellee filed a motion to suppress the evidence on the ground that it was obtained as a result of an illegal search warrant.
At the hearing on the motion to suppress, Special Agent Linda Johnson of the Polk County Sheriffs Department testified concerning the circumstances that led to the issuance of the search warrant. Johnson received information from the Lake Wales Police Department that narcotics were being sold out of the residence in question and that the Lake Wales Police had a confidential informant with information concerning the residence. After meeting with Agent Johnson, the informant made a controlled buy of narcotics at the residence.
The statement of facts contained in the affidavit in support of the application for the search warrant recited that Johnson and other members of the Polk County Sheriffs Department met with the informant and set up a controlled buy at the targeted residence. The informant’s vehicle, as well as the informant, was searched prior to the buy. The agent provided the informant with money for the purchase and then observed the informant drive to and go inside the residence and then return with methamphetamine. Based upon this information, a search warrant was issued and the evidence in question was seized.
The affidavit failed to reveal anything about the informant, but evidence at the hearing established that the informant’s involvement was related to the resolution of criminal charges, and that the informant had made an unsupervised visit to the residence two days before the controlled buy. It was also established that Agent Johnson had no knowledge of the informant’s prior activities, or if this person had ever acted as a confidential informer before the incident under consideration.
At the conclusion of the hearing, the trial judge announced that there had been no showing that the confidential informant was reliable and granted the motion. In a subsequent written order, the judge found that the above mentioned omitted facts concerning the confidential informant were material. He also held that a substantial possibility existed that any of the omissions would have altered a reasonable magistrate’s probable cause determination so that a warrant would not have been issued. The state filed a timely notice of appeal from the order granting the appellee’s motion to suppress.
The facts contained in the affidavit in support of the search warrant detailed a controlled buy of drugs from the residence which was the subject of the search warrant. In State v. Gieseke, 328 So.2d 16 (Fla.1976), the supreme court held that a controlled buy alone is a sufficient factual premise for the issuance of a search warrant and that it is a sufficient demonstration of the probable reliability of the informant. The affidavit in this case was, therefore, sufficient on its face to support the issuance of the search warrant.
The appellee contends, however, that omitted facts brought out at the suppression hearing supported the trial court’s ruling. We disagree. When there is a question concerning material omissions from a search warrant, a reviewing court should consider the affidavit as though the omitted facts were included in the affidavit and then determine whether the affidavit still provides probable cause. Sotolongo v. State, 530 So.2d 514 (Fla. 2d DCA 1988). The omitted facts are only material if there is a substantial possibility that had the magistrate been aware of the omission he would not have found sufficient probable cause for issuance of a warrant. State v. *612 Van Pieterson, 550 So.2d 1162 (Fla. 1st DCA 1989).
In this case, the omitted facts dealt largely with the reliability of the confidential informant and did not, as in Sotolongo, concern evidence contradicting the probable cause established by the controlled buy. Furthermore, this is not a case where probable cause was established solely by information received from a confidential informant as occurred in Van Pieterson. The controlled buy was itself sufficient to establish probable cause for the issuance of the warrant. Gieseke. Because the controlled buy provided the probable cause, it was not necessary for the state to further establish reliability of the informant. So-tolongo. The omitted facts questioning the reliability of the informant in this case were, therefore, not sufficient to allow a finding that the omissions misled the issuing magistrate and that a substantial possibility existed that they would have altered the magistrate’s probable cause determination. See People v. Kurland, 28 Cal.3d 376, 618 P.2d 213, 168 Cal.Rptr. 667 (Cal.1980), cert. denied, 451 U.S. 987, 101 S.Ct. 2321, 68 L.Ed.2d 844 (1981).
The trial court, accordingly, erred by granting the appellee’s motion to suppress, and we, therefore, reverse and remand for proceedings consistent herewith.
SCHOONOVER, C.J., and HALL and PATTERSON, JJ., concur.