PER CURIAM.
Appellant, the State of Florida, appeals an order granting a motion to suppress in favor of appellee, Gerald Billington. We reverse.
The issue in this case concerns the sufficiency of an affidavit in support of a search warrant. Specifically, will the affidavit support probable cause?
The trial court determined that the affidavit was “facially insufficient” and that there were material facts omitted which would negate probable cause. We disagree on both points with the trial court.
It is unnecessary to recite the principally agreed to facts. This case is a garden variety undercover investigation/sting culminating in a search warrant. Even the affidavit in support of the search warrant is a shade of boilerplate dull.
We have considered the four corners of the document, as required by law, and conclude that the document supports the magistrate’s finding of probable cause. E.g., State v. Bond, 341 So.2d 218 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 953 (Fla.1977); see § 933.18, Fla.Stat. (1989); Fla.R.Crim.P. 3.190(h)(1). Further, because we conclude that there were no material factual omissions, the trial court erred in finding that there were material omissions that would negate the magistrate’s probable cause determination. State v. Schulze, 581 So.2d 610 (Fla. 2d DCA 1991).
Therefore, the trial court erred both in determining that the affidavit for the search warrant lacked probable cause, and that there were material omissions negating probable cause. Accordingly, we reverse the order of suppression and remand for further proceedings.
Reversed and remanded.