W. SHARP, Judge.
The state appeals from an order suppressing evidence obtained after a search warrant was issued for Stark’s residence. The lower court suppressed the evidence on the ground that the affidavit provided to the magistrate who issued the search warrant was insufficient to establish probable cause because it failed to allege sufficient facts to determine that “controlled buys” actually took place, thereby bolstering the reliability of the confidential informant. We reverse.
In this case, the police officer’s affidavit[1] established that he was an experienced nar- *548 cotíes agent working with the Orange County Sheriffs Office. He alleged that he and a “reliable confidential informant” conducted three “controlled buy[s]” from the defendant, Starks. Two took place at Starks’ residence. One buy occurred in a car driven by the confidential informant, which was constantly under surveillance by the police. In the first two buys, the confidential informant disappeared into Starks’ residence, from the view of the police for a few moments, and reappeared with the purchased cocaine.
Prior to filing his motion to suppress, Starks deposed the police officer who executed the affidavit. The officer testified that the confidential informant had been searched prior to the buys, and that the transactions had all been “taped.” No one questioned what was meant by the expression “a controlled buy” but it was obvious the attorneys and police officer all assumed it meant that the confidential informant had been searched for drugs prior to the buys, was given money to buy the cocaine, and that the cocaine was immediately delivered to the police agent after each buy, as was done in this case. The confidential informant was also constantly supervised and monitored during each buy by electronic means, and for the last buy, visually.
Under these circumstances, we think the “controlled buy” exception to reciting a basis for the confidential informant’s reliability was established. In Delacruz v. State, 603 So.2d 707 (Fla. 2d DCA 1992) the affidavit relied upon apparently did not recite that the confidential informant had made a “controlled buy” from the defendant, and it recited no facts from which the magistrate who issued the search warrant could have concluded adequate surveillance and search of the confidential informant had been made to justify a probable cause finding.
Although inquiry into whether an affidavit supporting a search warrant sufficiently supports a probable cause finding must be found within its “four corners”[2] we think the affidavit in this case was sufficient. The magistrate’s determination of probable cause comes to us with the presumption of correctness.[3] Here, an experienced drug enforcement officer used the term “controlled buy” three times and stated sufficient facts with regard to the third buy from which it could clearly be inferred that “controlled .buy” meant the purchase of a controlled substance made under the supervision and control of police officers so as to establish reliability.[4]
REVERSED and REMANDED.
HARRIS, C.J., and THOMPSON, J., concur.

. The police officer's affidavit stated:
Agent D.A. Ogden is a duly sworn officer of the Orange County Sheriff's Office and has been so employed for the past five and one half years. This affiant is currently assigned to the Orange County Sheriff’s Office drug unit. This affiant has one and one/half years patrol duty experience, one and one/half years correctional officer experience and two and one/half years narcotics experience with the Orange County Sheriff's Office. Affiant has successfully completed the Florida Police Standards Basic Recruit Course including a twenty hour course in drug identification and investigation and has been a sworn law enforcement officer since June 1986.
This affiant has successfully completed over forty (40) hours of undercover drug enforcement techniques along with forty (40) hours of advanced drug law enforcement schooling by the institute of police technology and management in Jacksonville, Florida. This affiant has over thirty hours of basic crack cocaine identification courses.
Additionally, this affiant has successfully trained and completed eight (80) hours drug enforcement administration two week basic school.
This affiant has conducted no less than seven hundred presumptive tests on suspected cocaine and cannabis. These tests have resulted in positive identification of both cocaine and cannabis. This affiant has on numerous occasions observed and identified substances as cocaine that were later proven to he cocaine. This affiant has observed cocaine packaged in different methods. These packaging methods observed by this affiant have resulted, after being taken into custody to, in fact, contain cocaine. This affiant has also on numerous occasions observed and identified substances as cannabis that were later proven to be cannabis.
On 02/13/92 at approximately 2220 hours, your affiant along with a reliable confidential informant conducted a controlled buy of cocaine at 4633 Ringneck Road, Orlando, Florida. Your affiant drove &e confidential informant to the above listed quadroplex and observed the C/I exit the undercover vehicle and walk directly to the south central door. The C/I entered the same door and remained inside for several minutes. The C/I exited the same door the C/I entered and walked directly back to your affiant’s vehicle making contact with no one along the way. Upon reentering your affiant’s vehicle, the C/1 handed your affiant one clear plastic bag containing approximately 3.5 grams of suspected cocaine.
The suspected cocaine tested positive via col-balt test for the presence of cocaine.
On 02-26-92 your affiant once again conducted a controlled purchase of cocaine under similar circumstances. Your affiant drove the C/I to the above listed address and observed the C/I walk directly to the front south central door of the quadroplex and enter the same. The C/I remained inside for several minutes and was observed by your affiant exiting the same door. Upon reentering your affiant's undercover vehicle, the C/I handed your affiant one plastic bag containing approximately 3.5 grams of powder cocaine.
The suspected cocaine tested positive for the presence of cocaine via colbalt test.
Within the last 72 hours your affiant along with reliable confidential informant and assisting Orange county Sheriff's Office drug agents conducted another controlled purchase of cocaine from Mr. Max Starks. On this occasion the informant phoned Mr. Starks at his above listed residence and agreed to meet him at a nearby location. Agent Maddox observed Mr. Starks exit his residence at 4633 Ringneck Road and walk directly to a small silver colored, Toyota vehicle. Mr. Starks entered the vehicle and was continuously followed by Orange County Sheriff's Office surveillance teams to the informant and your affiant. Mr. Starks sold the C/I some powder cocaine which was purchased with serialized U.S. currency.
The C/I handed your affiant the suspected cocaine. The suspected cocaine tested positive for the presence of cocaine via chemical presumptive test.
The facts related herein lead your affiant to the inescapable conclusion that cocaine has been, and is currently being kept at the residence described in exhibit "A” in Orange County, Florida. Therefore your affiant has probable cause to believe, and does believe, that there is kept on said premises controlled substances to wit: cocaine, in violation of Florida state statute 893.13.

. Schmitt v. State, 590 So.2d 404 (Fla.1991), cert. denied, — U.S. —, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992).

. State v. Price, 564 So.2d 1239 (Fla. 5th DCA 1990); State v. Moise, 522 So.2d 1023 (Fla. 5th DCA 1988).

.See State v. Payne, 201 Neb. 665, 271 N.W.2d 350 (1978).