684 So.2d 260 (1996)
Sebastian McCALL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4374.
District Court of Appeal of Florida, Fourth District.
December 4, 1996.
Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
*261 STEVENSON, Judge.
Appellant, Sebastian McCall, was convicted of possession of cocaine and challenges the trial court's order denying his motion to suppress cocaine, which was seized during the execution of a search warrant. The main issue on appeal is whether a search warrant may properly be based on a so-called "controlled buy" where some elements of "control" over the confidential informant are lacking. We hold that, depending on the particular circumstances, it may; and that, in the instant case, the trial court did not abuse its discretion in finding probable cause on the facts presented.
We initially consider appellant's claim that the search warrant was issued upon an affidavit that omitted some relevant facts and that contained misleading statements. We find that the trial court correctly followed the procedure for such cases as outlined in Sotolongo v. State, 530 So.2d 514 (Fla. 2d DCA 1988).
[W]hen a question is raised as to material omissions from the search warrant affidavit, the court reviewing the matter should consider the affidavit as though the omitted facts were included and then evaluate the presence of probable cause in light of the added facts. This is true whether the facts were intentionally omitted or omitted in good faith. The rule should be applied if the omitted facts were nevertheless relevant and should have been included.
Id. at 516 (citing State v. Lehnen, 403 So.2d 683 (La.1981)). We therefore review the instant case accordingly and consider the underlying facts in support of the warrant as they evolved at the motion to suppress hearing.
Detective Tim Doughty of the Broward County Sheriff's office was informed by a confidential informant (CI) that cocaine was being sold from appellant's residence. The CI agreed to make a controlled buy. Detective Doughty and the CI met at a location about two and a half miles from appellant's house. Doughty searched the CI who had no contraband or money. The CI was then given funds with which to make the buy. The CI drove his own vehicle to appellant's house. Doughty followed in a separate vehicle and parked about a quarter mile away to maintain surveillance. Doughty did not search the CI's vehicle prior to allowing him to drive alone to appellant's house.
After the buy, Doughty and the CI met at the location where the CI was initially searched. Doughty searched the CI again but did not search the car. The CI gave Doughty some cocaine rocks and told Doughty that he had purchased them inside of the house. The CI did not see any further quantities of cocaine in the house. Doughty stated that the CI had been reliable in the past. Further, Doughty testified that there was no reason why he didn't search the CI's vehicle, he "just didn't."
In the instant case, the affidavit and the testimony at the suppression hearing failed to set forth sufficient facts from which the trial judge could have determined that the confidential informant was reliable. See Brown v. State, 561 So.2d 1248 (Fla. 2d DCA 1990) (holding that an officer's mere assertion that the informant has given reliable information in the past, without more specific detail, is not enough to establish reliability of that informant). However, our supreme court has held that a "controlled buy" obviates the need for the affidavit to establish the reliability of the informant because the monitored buy itself corroborates the informant's credibility. State v. Gieseke 328 So.2d 16 (Fla.1976). A controlled buy is one in which the confidential informant is personally supervised and monitored by the affiant. This concept has been referred to in the cases as the "controlled buy exception." See State v. Reyes, 650 So.2d 52 (Fla. 2d DCA 1994); State v. Starks, 633 So.2d 546 (Fla. 5th DCA 1994); Polk v. Williams, 565 So.2d 1387 (Fla. 5th DCA 1990).
Appellant argues that the buy was not sufficiently controlled since the CI drove unaccompanied by an officer for a total of approximately five miles in his personal vehicle, which the police had not searched either before or after the buy. Appellant then concludes that, therefore, the controlled buy exception does not apply, and the issuance of the warrant was improper. We disagree that the failure to search the CI's vehicle *262 prior to the buy, by itself, prohibits the application of the "controlled buy exception."
While it is true that confidential informants used in controlled buys are routinely searched both before and after the buy to ensure that they have no hidden money or contraband, the court in State v. Gieseke, did not mandate any exclusive procedure for a controlled buy. Rather, the court focused on the fact that the affiant "personally supervised" the buy resulting in the purchase of contraband. 328 So.2d at 17. This court has held that it is not necessary to require a strip search of the confidential informant immediately before and after a controlled buy in order to establish the credibility of the informant's information. See State v. Adams, 436 So.2d 276 (Fla. 4th DCA 1983). On the other hand, in Delacruz v. State, 603 So.2d 707 (Fla. 2d DCA 1992), the absence of any search, whatsoever, of the confidential informant, prior to or after the buy, led the trial court to conclude that the buy was not sufficiently controlled. The trial court used its discretion to determine that the controlled buy exception was inapplicable to the facts of that case; this exercise of discretion was affirmed on appeal. Id. at 709.
In assessing whether probable cause exists to justify a search, the trial court must make a judgment, based on the totality of the circumstances, as to whether the information given indicates a reasonable probability that contraband will be found at a particular place and time. The trial court must also determine whether the nature of the "controlled buy" indicates that the informant was sufficiently supervised and monitored to indicate probable reliability of the information obtained by the informant. We conclude that the determination of whether the controlled buy exception should apply and the adequacy of the police officer's search, supervision, and control of the informant are matters within the sound discretion of the reviewing magistrate.
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, ... there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for ... conclud[ing] that probable cause existed.
Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983), quoted in Schmitt v. State, 590 So.2d 404, 409 (Fla.1991), cert. denied, 503 U.S. 964, 112 S.Ct. 1572, 118 L.Ed.2d 216 (1992).
AFFIRMED.
FARMER, J., and WILLIAM C. OWEN, Jr., Senior Judge, concur.