POLEN, J.
The State of Florida appeals a trial court order granting a motion to suppress evidence. For the reasons stated below, we remand to the trial court for further consideration.
Detective Gary Blocker submitted a sworn affidavit and application to authorize a search of the home of the Appellee, Seth Solomon, based on a “controlled buy.” The warrant was ultimately issued, and upon searching Solomon’s residence, Blocker discovered 8.6 grams of crystal methamphetamine, five M.D.M.A. pills, 5.1 grams of cannabis, four glass pipes, a scale, and two “items that are commonly used to conceal contraband.” Solomon was arrested and subsequently charged with possession of methamphetamine with intent to deliver/sell.
Upon the hearing on Solomon’s motion to suppress, Solomon testified that the day the warrant was executed there were other people in his home, and they had left about two hours before the warrant was executed. He described his home as having an eight-foot privacy wall around the perimeter with a barred gate. The bars were covered with fabric so that nobody could see through the gate. Solomon also noted that inside the gate there is a large area of landscaping stretching several hundred feet. Detective Blocker testified that he was never inside the gate, but was positioned outside the gate on foot, and was unable to look over the gate.
*534 The trial court held the search warrant lacked probable cause because there were no underlying facts in the warrant application to explain why the officers originally went to Solomon’s house for the controlled buy, notwithstanding the fact that the confidential informant was reliable. The trial court noted there was no factual basis to establish a reason for targeting Solomon’s house, such as the confidential informant having been to the house to buy drugs previously, or the officer’s prior surveillance.
We hold that when a confidential informant obtains drugs and is told to come back anytime for more, a controlled buy alone provides probable cause to search, even without any other predicate facts. In State v. Gieseke, 328 So.2d 16,17 (Fla.1976), an officer, after searching the confidential informant, observed him entering a building and leaving 15 minutes later with a baggie of marijuana in his possession. The Supreme Court found that, “the fact that Affiant personally supervised the controlled buy resulting in the purchase of contraband from the described premises was sufficient probable cause to justify the warrant.” Id. The Supreme Court held that the controlled buy alone was a sufficient factual premise from which the court could conclude that additional contraband remained on the premises. Id. at 18. This court, in State v. Lewis, 336 So.2d 395, 396 (Fla. 4th DCA 1976), followed the reasoning in Gieseke and upheld a search warrant predicated upon the personal observations of the affi-ant and a confidential informant in a “controlled buy.”
While a controlled buy alone may be sufficient to establish probable cause for a warrant, the trial court must determine whether the nature of the “controlled buy” indicates that the informant was sufficiently supervised and monitored to indicate probable reliability of the information obtained by the informant. See McCall v. State, 684 So.2d 260, 262 (Fla. 4th DCA 1996). Blocker’s testimony at the hearing as to his ability to see the front of Solomon’s home, in conflict with his prior statements in the search warrant affidavit, suggests the Confidential Informant may not have been adequately supervised. Blocker admitted that he had not been inside the gate surrounding Solomon’s residence and that he was unable to see over it, and Solomon’s description of the landscaping suggests Blocker may have had an obstructed view. Consequently, we remand to the trial court for further consideration of whether the controlled buy was sufficiently reliable.
REVERSED and REMANDED.
GROSS, J., and OFTEDAL, RICHARD L., Associate Judge, concur.