906 So.2d 358 (2005)
Delbert Joseph MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2548.
District Court of Appeal of Florida, Fifth District.
July 15, 2005.
*359 James S. Purdy, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Delbert Joseph Martin pled nolo contendere to various drug offenses, reserving his right to appeal the trial court's denial of his motion to suppress. On appeal, he contends that the search warrant obtained by law enforcement to search his home was not supported by probable cause, and, as a result, the State obtained evidence in violation of the Fourth Amendment. Because we conclude that the affidavit supporting the State's application for a search warrant lacked probable cause, we reverse Martin's convictions.
The Sumter County Sheriff's Department sought and obtained a search warrant for a home occupied by Martin. In support of the application for the search warrant, an affidavit was presented to the issuing magistrate that, in relevant part, stated:
Your Affiant Detective Zeke Shaw is presently a Certified Law Enforcement Officer for the State of Florida, having been employed in Law Enforcement for [sic] since May 1994, and being currently employed by the Sheriff of Sumter County and is currently assigned to the Sumter County Sheriff's Office Special Investigation Unit and is familiar with but not limited to Florida State Statutes 893.13 relating to the Sale and Possession of Marijuana & Sale and Possession of a controlled substance (alprazolam i.e. xanax). During your affiant's employment with the Sumter County Sheriff's Office your Affiant had conducted and assisted in numerous controlled substance investigations in which violators were arrested and convicted.
On Thursday February 5, 2004 I met with confidential informant number 250408 who in a sworn written statement related the following: the Confidential informant purchased one quarter *360 of a pound of marijuana and 10 (xanax) pills from a subject who lives at this residence known as Joe-Joe. The confidential informant stated this transaction took place on Sunday, February 1, 2004.
On Thursday February 5, 2004 at approximately 5:46 P.M. the confidential informant under the direction of the Sumter County Special Investigation Unit went to the aforementioned residence and purchased one-quarter pound of marijuana and 17 xanax pills. The confidential informant related there is approximately 3 to 4 pounds of marijuana within the residence at the time of this purchase. A presumptive test for marijuana was conducted on a sample of the substance purchased with a positive result. The tablets purchased were identified as xanax by the Drug Identification Bible. The confidential informant stated this transaction was made between confidential informant and Joe-Joe.
Martin contends that the affidavit in support of the search warrant was insufficient because it contained no information about the reliability of the confidential informant. The parties agree that the general rule requires that search warrant affidavits based on information from confidential informants contain some information about the informant's reliability or the basis of the informant's knowledge. Delacruz v. State, 603 So.2d 707, 709 (Fla. 2d DCA 1992). Here, the search warrant affidavit contained no information about the confidential informant's reliability or the basis for his knowledge. The affidavit merely said that the informant "under the direction of" the Sumter County deputies went to the residence and purchased controlled substances.
At the hearing on the motion to suppress, and, on appeal, the State argues that because Detective Shaw conducted a controlled buy at the residence before seeking the search warrant, the informant's reliability was not required to be set forth in the affidavit. The trial judge accepted this argument, concluding that everything was "done under the watchful eye of" the detective. We disagree.
Whether the State established probable cause prior to obtaining a search warrant is a question of law subject to de novo review. Pagan v. State, 830 So.2d 792, 806 (Fla.2002). Consequently, we look only at the four corners of the affidavit to determine if based on the totality of the circumstances, and a common sense assessment, probable cause is shown. Id.; McCall v. State, 684 So.2d 260, 262 (Fla. 4th DCA 1996). Here, as Martin contends, the affidavit did not show adequate (or for that matter, any) supervision by law enforcement in order for the transaction to be considered a "controlled buy." A controlled buy occurs when a confidential informant conducts a transaction supervised and monitored by law enforcement. McCall, 684 So.2d at 261. When a controlled buy occurs, the State does not need to independently establish the informant's reliability in the search warrant affidavit because law enforcement is present, and can corroborate the truthfulness of the informant's actions and words. Malone v. State, 651 So.2d 733, 734 (Fla. 5th DCA 1995).
There is no one set of circumstances that establish whether adequate controls are in place to cause a transaction to fall within the "controlled buy" exception. However, certain cases are illustrative. For example, in State v. Gieseke, 328 So.2d 16 (Fla.1976), the supreme court determined a search warrant affidavit to be adequate based upon the "controlled buy" exception because the officer searched the informant prior to the transaction, gave the informant funds for the transaction, *361 watched the informant go into the premises and return shortly thereafter without the money and with the controlled substance.[1] However, when, as here, the affidavit simply states the transaction was under the "supervision" of law enforcement, it is insufficient to establish probable cause because the informant's reliability is unknown and the level of supervision by law enforcement is unstated. See, e.g., Delacruz (holding that affidavit did not establish a controlled buy where officer did not search informant before or after the buy and when officer did not witness the transaction).
For these reasons, we conclude that there was insufficient probable cause to issue the search warrant. The evidence seized from the execution of the search warrant must be suppressed. This matter is reversed and remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
PALMER and TORPY, JJ., concur.
NOTES
[1] Certainly, a successful controlled buy could occur in other circumstances. See Clark v. State, 635 So.2d 1010, 1011 (Fla. 1st DCA 1994).