917 So.2d 415 (2006)
Jeffrey YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5186.
District Court of Appeal of Florida, Second District.
January 11, 2006.
*416 Joe Episcopo, Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Jeffrey Young pleaded no contest to trafficking in cannabis and possessing a controlled substance, reserving the right to appeal the denial of his dispositive motion to suppress. Young argues that the affidavit in support of the warrant for the search of his residence failed to establish probable cause. We agree and reverse.
When considering an application for a search warrant, an issuing court must determine whether, based on the totality of the circumstances, the information contained in the application establishes a reasonable probability that evidence of a crime will be found at a particular place and time. Garcia v. State, 872 So.2d 326, 329 (Fla.2d DCA 2004). The reviewing court must ensure that the magistrate had a substantial basis for concluding that probable cause existed, and this determination must be made by examining the four corners of the affidavit. Id. However, when material information has been omitted from the affidavit and the omitted information might undermine the probable cause determination, the reviewing court must evaluate the sufficiency of the affidavit as though the omitted facts were included. *417 See Sotolongo v. State, 530 So.2d 514, 516 (Fla.2d DCA 1988).
In this case, the affidavit was sworn to by the detective on November 4, 2003, and the warrant was executed on the same day. The affidavit contained the following factual allegations pertinent to this case:
5. During October of 2003 your affiant met with and interviewed a confidential source, hereafter referred to as CS1, of the City of Tampa Police Department. CS1 advised that a subject known to CS1 as Jeffrey Young is currently responsible for the distribution of large quantities of marijuana as well as cocaine within the City of Tampa and Hillsborough County. CS1 has observed Young with marijuana in excess of one-hundred (100) pounds in the past as well as cocaine in excess of four-hundred (400) grams. Young is known to keep the quantities of illicit drugs within his residence.
Your affiant conducted research of the criminal history of Jeffrey Myron Young and found that Young has been arrested in the past for marijuana possession in excess of ten (10) pounds. This information helps to corroborate the statements of CS1.
On October 22, 2003 I obtained a photographic copy of the driver license issued to Jeffrey Myron Young on August 21, 2003. The address listed on the license is 2928 West Paris Street, Tampa Florida. I allowed CS1 to view the photograph and asked if CS1 recognizes the captioned person on the photo. CS1 confirmed that the photograph is of the same Jeffrey Young. I conducted visual surveillance of this residence and have observed the subject identified as Jeffrey Young enter and exit the residence.
On November 4, 2003 Detective Dwight Buchanan and myself conducted a visual surveillance of the residence. We observed a white male subject exit the front door of the residence carrying a white plastic bag. This bag was an average shopping bag size. The white male entered a blue colored Chevrolet pick up truck [and] began to drive out of the area. We followed the subject until he stopped at 8406 North Tampa Street, Lot 20. The subject exited the vehicle carrying the same white plastic bag. We approached the subject without detaining him and asked if we may speak to him. The subject immediately dropped the white plastic bag and stepped away from it. As Detective Buchanan began to speak with the subject I looked at the plastic bag. Due to the bag's exterior walls being stretched by it's [sic] contents I was easily able to view what appeared to be a large amount of marijuana contained within. The subject was arrested and the contents of the bag chemically tested for substance analyses.
The substance seized was tested by chemical reagent analyses. Your affiant has observed and tested marijuana numerous times in the past. Based on your affiant's experience, training and the positive results of th[e] analyses, your affiant feels that the substance seized is in fact marijuana.
6. There has been no time known to your affiant that CS1 has provided fabricated or untruthful information. CS1 has provided information to your affiant in the past that has proven to be accurate and truthful based on your affiant's investigations and research.
As Judge Danahy noted in Sotolongo, 530 So.2d at 515, "[t]he problem is not what the affidavit said, but what it didn't say." The affidavit stated that the detective interviewed the confidential informant in October of 2003, that the confidential informant identified Young from a driver's license photo obtained on October 22, 2003, *418 and that the confidential informant advised that Young "is currently" distributing drugs. The affidavit did not disclose, as the detective later testified in deposition, that the confidential informant had last seen drugs in Young's home before the informant's own arrest  which was about six months prior to the date of the affidavit.
The affidavit sought a warrant to search Young's home at 2928 West Paris Street in Tampa. It failed to mention that the confidential informant had reported that Young lived at the intersection of Yukon and Florida, not on Paris Street. The affidavit also failed to mention that the detective located Young's new residence through power company records of a transfer of electrical service but the detective had not attempted to ascertain the date Young transferred the service. At the suppression hearing, defense counsel introduced Young's lease, which began in January 2003, and Young testified that he moved to the Paris Street residence in January 2003. This was approximately ten months prior to the search, suggesting that the confidential informant's information was older than even the six months testified to by the detective.
Further, the detective testified that the confidential informant never said when he or she observed Young with these quantities of drugs. And, when reporting Young's prior arrest, the affidavit did not reveal that the arrest occurred nine years previously.
Up to this point, and considering the affidavit in conjunction with the omitted facts, we can only conclude that the information was far too stale to establish probable cause. Rodriguez v. State, 297 So.2d 15, 18 (Fla.1974) (holding that affidavit was stale and thus failed to establish probable cause to support wiretap).
The affidavit's recitation of the detective's observations on the day he made the affidavit and obtained the search warrant were likewise unavailing. According to the affidavit, a subject was seen exiting Young's home carrying a bag and, when later stopped, had in his possession five pounds of marijuana. The affidavit did not disclose that the detective had not observed the subject when he entered the home, and therefore the detective could not know whether the subject had arrived empty-handed. The affidavit did not state whether the detective was able to see through the bag to discern its contents while the subject was carrying it; he could not. The affidavit did not even reflect whether Young was present at the residence at the time the subject left with the bag. In short, the detective made no observations that tied Young to the subject's possession of marijuana other than the subject's departure from Young's home at a time when Young may or may not have been present.
Based on the totality of the circumstances, the affidavit and the information known to the detective failed to establish probable cause to search Young's residence. See Garcia, 872 So.2d at 330 (concluding that affidavit lacked probable cause and showed only "speculation rather than a fair probability" of criminal activity when it failed "to establish a nexus between the object of the search, cocaine, and [the defendant's] residence"). For this reason, the circuit court should have granted the motion to suppress. We reverse Young's convictions and remand with directions to discharge him.
Reversed and remanded.
ALTENBERND and CASANUEVA, JJ., Concur.