DAVIS, Judge.
 

 The State challenges the trial court’s order granting Chiquet’s motion to suppress physical evidence seized pursuant to a search warrant executed on his home. Because we conclude that a certain fact omitted from the affidavit for search warrant was not material and would not have
 
 *881
 
 changed the probable cause determination, we reverse.
 

 The State charged Chiquet with two counts of lewd and lascivious battery on a victim under sixteen, one count of displaying obscene material to a minor, sixteen counts of possession of child pornography, and five counts of promoting the sexual performance of a child. The charges stemmed from Chiquet’s sexual relationship with A.G., a teenage girl. After A.G.’s mother became aware of the relationship, A.G. and her mother went to the police to file a complaint. During her statement, A.G. informed police that Chi-quet had taken digital photographs of her while she was nude and that he stored the images on his silver Apple computer.
 

 Based on A.G.’s statement to police, detectives prepared an affidavit for search warrant. In that affidavit, the detectives included the following sentences: “The victim further claims that the suspect took digital photos of her while in the nude. The victim further stated that the images are on the suspect’s computer.” Based on these particular statements, the search warrant authorized the seizure of, among other items, “[a]ny and all devices capable of storing images.”
 

 A magistrate signed the search warrant, and upon execution, law enforcement located a computer in Chiquet’s home; it was not silver, and it was not an Apple computer. Rather, it was a Dell computer that was not plugged in or attached to a monitor. Police seized the Dell computer, and evidence of the charged offenses was discovered on it.
 

 Chiquet moved to suppress the evidence found on the Dell computer on the basis that the search warrant was faulty. Specifically, Chiquet argued as follows:
 

 The affidavit contains false material or deliberately omits facts relevant to the magistrate’s consideration.... [T]he computer described by the victim was a “large screened all in one computer, silver in color with an apple located on the lower front.” This information was apparently deliberately omitted from the affidavit ... used to support the issuance of the search warrant.
 

 At the hearing on the motion, Detective Diaz testified that he and Detective Sellitto did indeed intentionally omit the description of the computer as a silver Apple computer because “we didn’t know if there w[as] one computer, two computers, how many cameras, phones. We didn’t know what digital or device [sic] that could capture the images. We didn’t know. So that’s why we left it open as to devices.”
 

 In granting Chiquet’s motion to suppress, the trial judge, who was the same judge who signed the search warrant based on the affidavit, made a specific finding that the detectives did not omit the description of the computer with malicious intent. But he also determined that “[t]his fact constitutes a material omission as to the Dell computer because a substantial possibility exists that the search warrant would not have been granted as to ‘[a]ny and all devices capable of storing images,’ but would have been limited to the silver Apple computer.” We disagree.
 

 With regard to facts omitted from an affidavit for search warrant, “omitted facts are only material if there is a substantial possibility that had the magistrate been aware of the omission he would not have found sufficient probable cause for issuance of a warrant.”
 
 State v. Schulze,
 
 581 So.2d 610, 611 (Fla. 2d DCA 1991). Here, as presented to the magistrate, the affidavit merely read that Chi-quet stored digital images of the naked victim on “his computer” — singular. Yet, despite this reference to only one computer, the magistrate signed a search warrant
 
 *882
 
 for “[a]ny and all devices capable of storing images.” We conclude that if the magistrate was willing to allow the police to search for multiple storage devices based on the allegation that Chiquet stored images on only one computer, there is not a substantial possibility that describing that computer as a silver Apple computer would have resulted in a finding of insufficient probable cause to issue the warrant. As such, the omission cannot be said to have misled the magistrate and was not a material omission.
 
 See id.
 

 We therefore reverse the order granting Chiquet’s motion to suppress and remand for further proceedings.
 

 KHOUZAM and BLACK, JJ., Concur.