605 So.2d 590 (1992)
STATE of Florida, Appellant,
v.
Anthony Lee LEWIS, Appellee.
No. 90-00414.
District Court of Appeal of Florida, Second District.
September 30, 1992.
*591 Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellant.
No appearance on behalf of appellee.
ALTENBERND, Judge.
The state appeals an order that granted the defendant's motion to suppress evidence seized at a private dwelling pursuant to a search warrant. The trial court suppressed evidence, including crack cocaine, marijuana, several thousand dollars in U.S. currency, three firearms, and a cellular telephone. The defendant successfully argued that this evidence should be suppressed because the facts set forth in the affidavit in support of the warrant had become "stale" before the warrant was issued. We reverse.
The affidavit attached to the search warrant states that the affiant received information from a detective on June 10, 1988, that a black male was dealing cocaine from a specific residence in Tampa. The affiant officer met with a known and reliable confidential informant, who performed a controlled buy of a small amount of cocaine from an unknown black male between June 10 and June 20, 1988, at the residence. The affiant observed the informant at the front door of this residence during the transaction. The informant told the affiant that the seller had advised him "not to spread the word that you could buy tens and twenties from the residence." Based on this affidavit, the magistrate issued the warrant on June 23, 1988. It was executed eight days later on Friday, July 1, 1988.
A warrant must be timely issued by a magistrate and timely executed by law enforcement. Either period can result in staleness. In this case, there were three to thirteen days between the controlled purchase of cocaine and the magistrate's decision to issue the warrant. There was an additional period of eight days between the magistrate's issuance of the warrant and its execution by the police. Although these two periods are somewhat interrelated, they should be analyzed separately.
Concerning the timeliness of the issuance of this warrant, the defendant argues, and we assume, that the controlled buy in this case occurred on June 10, 1988. Thus, the evidence of a controlled buy at this residence was only thirteen days old when the magistrate found probable cause to issue the warrant. The courts of this state have generally refused to invalidate warrants because of "staleness," in the absence of extraordinary circumstances, if the issuance of the warrant occurs within thirty days of the observation of the evidence establishing probable cause. See Montgomery v. State, 584 So.2d 65 (Fla. 1st DCA 1991); Sotolongo v. State, 530 So.2d 514 (Fla. 2d DCA 1988); Hamelmann v. State, 113 So.2d 394 (Fla. 1st DCA 1959). The period in this case is substantially less than thirty days. There is nothing extraordinary about the facts of this case which would render "stale" the evidence supporting the magistrate's decision to issue this search warrant.
*592 With regard to the timeliness of the execution of the warrant, section 933.05, Florida Statutes (1987), requires a search warrant to be executed and returned within ten days after issuance. Under normal circumstances, a warrant becomes stale because of delayed execution only if it is not executed within the ten days. Spera v. State, 467 So.2d 329 (Fla. 2d DCA 1985). This case does not involve a stale warrant. Accordingly, we reverse the order granting the defendant's motion to suppress and remand for further proceedings consistent with this opinion.
Reversed and remanded.
DANAHY, A.C.J., and CAMPBELL, J., concur.