SHIVERS, Senior Judge.
David Sherwood Clark has appealed the trial court’s denial of his motion to suppress, following a plea of nolo contendere to possession of more than 20 grams of marijuana, and possession of drug paraphernalia. We affirm.
The facts herein show that, prior to the seizure of the disputed evidence from Clark’s residence, Officer Harbuck arranged for a confidential informant to purchase drugs at that residence. After searching the informant to determine that no illegal drugs were concealed on his body, Officer Harbuck gave him $40.00 with which to make the purchase. The officer maintained constant visual surveillance of the informant as he walked to the residence, entered, and emerged, returning with a quantity of marijuana; Officer Har-buek did not search the informant after the purchase.
The officer subsequently obtained a search warrant for Clark’s residence, based on an affidavit setting forth the foregoing circumstances. The search resulted in the seizure of more than 20 grams of marijuana, and a set of triple-beam scales. Clark was thereafter charged with possession of more than 20 grams of marijuana and paraphernalia. He moved to suppress the seized evidence, alleging that Officer Harbuck’s affidavit did not provide probable cause for issuance of a warrant, i.e., nothing therein established the reliability of the confidential informant.
At the hearing on the motion, Clark conceded that circumstances showing a completed “controlled buy” would sufficiently have established the informant’s reliability so as to validate the warrant. However, he maintained that the officer’s failure to search the informant after the purchase obviated the existence of a “controlled buy,” citing State v. Gieseke, 328 So.2d 16 (Fla.1976) (a search both before and immediately after a buy gives the affiant sufficient personal knowledge on which to base a warrant), and Delacruz v. State, 603 So.2d 707 (Fla. 2d DCA 1992) (there is no “controlled buy” when the informant is searched neither before nor after the purchase). The state countered that reliability was sufficiently established by the pre-buy search and the continuous observation of the informant until he delivered the drugs. The trial court denied the motion without explanation.
This court’s duty herein is to ensure that the issuing magistrate had a substantial basis for concluding that probable cause existed. Delgado v. State, 556 So.2d 514, 516 (Fla. 2d DCA 1990). While the absence of statements in a probable cause affidavit as to the reliability of a confidential informant normally renders the affidavit deficient, reliability can be established by circumstances showing that the informant made a successful “controlled buy,” i.e., one where he was personally supervised and constantly monitored by the affiant. Polk v. Williams, 565 So.2d 1387, 1389 (Fla. 5th DCA 1990).
In State v. Gieseke, 328 So.2d 16 (Fla. 1976), the court held that an informant made a successful “controlled buy” where he: 1) was searched, 2) given money, 3) observed entering and leaving the building, 4) returned to the affiant, and 5) was searched again, revealing drugs. Gieseke, 328 So.2d at 17. However, the court did not go on to hold that a successful controlled buy could occur exclusively in these circumstances.
*1012 The facts in the instant case are identical to those in Gieseke, save that no post-buy search was performed. It is instructive to note that the apparent purpose of the post-buy search in Gieseke was to ascertain whether the informant had, in fact, obtained drugs.[1] Where, as here, the informant simply hands over the purchased drugs to the officer, it can certainly be argued that no such search is required. More importantly, however, probable cause is a practical, common-sense question, the standard for which is the probability of criminal activity, and not a prima facie showing of such activity. The issuing magistrate must simply have a “substantial basis” for concluding that the search would uncover evidence of wrongdoing. Polk, 565 So.2d at 1390.
Here, the supporting affidavit showed that Officer Harbuck: 1) ensured that the informant had no drugs in his possession, 2) gave him money, 3) watched him constantly as he walked to, entered and exited Clark’s residence, and 4) received the purchased drugs directly from him. Under the standard set forth in Polk, we find that, despite the absence of a post-buy search of the informant, these circumstances were sufficient to show his reliability and establish the “probability of criminal activity” at Clark’s residence. The denial of the motion to suppress herein is therefore affirmed.
ERVIN and WEBSTER, JJ., concur.

. Compare Delacruz v. State, 603 So.2d 707 (Fla. 2d DCA 1992), where the court found that there was no successful controlled buy where neither search was performed, stating that the post-buy search ensured that the informant did not still possess the purchase money.