779 So.2d 613 (2001)
Bobby BOWLING, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1516.
District Court of Appeal of Florida, Second District.
March 2, 2001.
*614 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
BLUE, Acting Chief Judge.
Bobby Bowling appeals his conviction and order of probation for possession of cocaine following the denial of his dispositive motion to suppress. The cocaine was found during a search of Mr. Bowling's car that followed a traffic stop for violation of section 316.155(3), Florida Statutes (1999). Because the arresting officer had no objective basis to stop Mr. Bowling's vehicle, we reverse. See Holland v. State, 696 So.2d 757 (Fla.1997).
On August 15, 1999, at approximately 6:15 p.m., Mr. Bowling was driving his minivan north on a residential street in Tarpon Springs. Mr. Bowling was closely followed by a second car, which was followed by Tarpon Springs' police officer Kondek's car. Officer Kondek had followed the second car for one block; none of the three vehicles were speeding. The three vehicles came to a sudden stop, and Mr. Bowling's minivan made a left turn. The officer followed, stopped Mr. Bowling, and eventually issued a traffic citation for violating section 316.155(3), which provides: "No person may stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear, when there is opportunity to give such signal."
Although there was discussion and testimony at the suppression hearing as to whether the stop was valid based on a violation of section 316.155(2), failure to give a proper turn signal, the motion and the court's ruling were clearly based on Mr. Bowling's alleged stop without signaling the vehicle immediately to the rear. One problem with the State's case is that the driver of the second vehicle did not testify. Additionally, the officer testified that the proper signal for slowing suddenly or stopping was the use of the taillights. The officer testified that after he effectuated the stop, he determined that Mr. Bowling's taillights were in fact working. Obviously, if Mr. Bowling's vehicle stopped suddenly, it was because of the application of the brakes, and the taillights properly signaled the stop. From his position in the third vehicle, the officer was simply not able to see Mr. Bowling's brake lights. In sum, the officer was unable to show any reasonable basis for stopping Mr. Bowling's car.
Accordingly, the motion to suppress should have been granted. Mr. Bowling did not violate section 316.155(3) and should not have been stopped by the officer. The evidence obtained as a result of the improper stop should have been suppressed. We therefore reverse the conviction and order of probation and direct that the information be dismissed.
Reversed and remanded.
CASANUEVA and STRINGER, JJ., concur.