845 So.2d 327 (2003)
STATE of Florida, Appellant,
v.
Roxanna L. McCABE, Appellee.
No. 2D02-2880.
District Court of Appeal of Florida, Second District.
May 21, 2003.
*328 Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellee.
FULMER, Judge.
The State appeals from an order granting Roxanna McCabe's motion to suppress evidence. Because the trial court misapplied the law to the facts of this case, we reverse the trial court's order and remand for further proceedings.
McCabe was charged by information with possession of alprazolam, a controlled substance, and driving under the influence (DUI). McCabe filed a motion to suppress evidence, asserting that the charges arose out of a traffic stop of McCabe's vehicle and the officer had no probable cause to stop the vehicle. After a hearing, the trial court entered an order granting the motion to suppress.
Officer John McNeil was the sole witness presented at the hearing. McNeil was a certified radar operator and was assigned to a DUI-detection traffic unit. The officer had made approximately 350 traffic stops for DUI in the prior three years. On January 8, 2002, he was on patrol looking for impaired drivers and speeders. He was in an unmarked cruiser monitoring the speed of the car in front of him when McCabe's car drove past him. The posted speed limit was forty miles per hour. The officer determined with his radar unit that McCabe's vehicle was traveling at forty-seven miles per hour.
The officer elected not to stop McCabe's vehicle immediately. Instead, he continued to monitor her car and did not see any other traffic infractions. He testified, "I don't always stop people for seven miles over the speed limit, but I was looking for other signs to give me more indications of a possibly impaired driver ...." As he was monitoring the car, McCabe pulled off the road into a shopping center. The officer walked up to her vehicle and asked McCabe for her driver's license. Upon contact with McCabe, the officer suspected that she was impaired based on her physical appearance, and he began a DUI investigation, which led to McCabe's arrest on the present charges.
In its order granting the motion to suppress, the trial court wrote:
1. The police officer did not have probable cause to stop the Defendant's vehicle. Although the Defendant, according to the radar unit, was seven miles over the speed limit, the officer elected not to apprehend the Defendant for speeding but rather waited while she drove eight blocks.
2. The Defendant was not weaving, nor was there any indication that she was having difficulty with the vehicle to justify a stop.
3. The Court finds that the police officer did not stop the Defendant for speeding but rather wanted to stop her to conduct an investigation with no founded suspicion. See Popple v. State, 626 So.2d 185 (Fla.1993); Davis v. State, 695 So.2d 836 (Fla. 2d DCA 1997); and McCloud v. State, 491 So.2d 1164 (Fla. 2d DCA 1986).
A ruling on a motion to suppress presents a mixed question of law and fact. Ornelas v. United States, 517 U.S. 690, 696-97, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). Deference is given to the trial court's factual findings, but the application of the law to the facts is reviewed de novo. Id. at 699, 116 S.Ct. 1657. In this case, the State argues that the trial court erred in concluding that there was no probable *329 cause for the stop because Officer McNeil observed the speeding infraction and he was, therefore, legally entitled to stop McCabe's vehicle on that basis. We agree.
The trial court misapplied the law to the facts of this case because it used a subjective intent standard to reach the conclusion that the officer made the stop for an improper purpose, i.e., to investigate McCabe for DUI. In Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), the Supreme Court stated that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." See also Holland v. State, 696 So.2d 757 (Fla.1997) (overruling reasonable officer test and applying objective test of Whren). Thus, under Whren, it is irrelevant that the officer's purpose in stopping McCabe was to investigate his unfounded suspicion that she was under the influence. The speeding infraction that the officer witnessed provided probable cause for the stop. See State v. Snead, 707 So.2d 769, 770 (Fla. 2d DCA 1998) (reversing trial court's order suppressing evidence, which was based on finding that stop was pretextual, because officer had probable cause to make stop based on observed traffic infractions). Accordingly, the trial court erred in granting the motion to suppress.
Reversed and remanded.
CASANUEVA and COVINGTON, JJ., concur.