877 So.2d 803 (2004)
STATE of Florida, Appellant,
v.
Michael John WEIL, Appellee.
No. 5D03-3800.
District Court of Appeal of Florida, Fifth District.
July 2, 2004.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellant.
Russell E. Crawford, Orlando, for Appellee.
TORPY, J.
The issue we confront is whether the lower court erred in suppressing evidence seized from Appellee's residence pursuant to a search warrant. Our resolution of *804 this issue primarily turns on whether the search warrant application contained sufficient facts from which the issuing judge could reasonably infer that the items to be seized were probably in Appellee's residence. Alternatively, even if the warrant was not sufficiently grounded in probable cause, we are asked to consider whether the "good faith" exception to the exclusionary rule applies to avoid suppression of the evidence. We conclude that the warrant was valid and, alternatively, that the "good faith" exception applies. We therefore reverse the lower court's order that suppressed the evidence.
The police affidavit upon which the search warrant was based alleged that Appellee had abducted and sexually battered the victim three days earlier. As outlined in the affidavit, initially, Appellee lured the victim from a public place by identifying himself as a police officer. He displayed a police badge. Once inside his vehicle, Appellee handcuffed the victim and then took her to a building where he repeatedly sexually battered her at gunpoint. Appellee then allegedly drove the victim to another public place where he released her, at which time she contacted the police. Although the affidavit is devoid of facts describing how Appellee became a suspect, it states that the victim gave a sworn statement to police describing the events and identified Appellee from a photographic lineup.
The officers made application to search Appellee's residence for evidence and instruments of the crime, including, but not limited to, shoes, a gun, handcuffs and a police badge. However, nothing in the affidavit provided direct proof that Appellee's residence was the repository of these items.
The warrant issued and the subsequent search revealed, among other things, two guns, a badge, a handcuff case (without the handcuffs), and numerous articles of police apparel and equipment. Appellee was subsequently charged by Information with sexual battery with a deadly weapon, kidnapping with intent to inflict bodily harm or terrorize, and falsely personating a police officer during the commission of a felony. By pretrial motion, Appellee sought to suppress the fruits of the search of his premises.
The lower court granted Appellee's Motion to Suppress, concluding that the warrant was defective because the affidavit failed to set forth a connection between the crime and the residence of Appellee. The lower court also concluded that the "good faith" exception to the exclusionary rule did not apply because the police should have known that the warrant was invalid. We have jurisdiction. Fla. R.Crim. P. 9.140(c)(1)(B).
We begin our analysis by discussion of the applicable standard of review. The lower court's decision was based solely on a review of the affidavit. No evidence was introduced at the hearing on Appellee's Motion to Suppress. Therefore, our review of the order suppressing the evidence is de novo. Pagan v. State, 830 So.2d 792, 806 (Fla.2002). However, like the lower court, in reviewing the sufficiency of the warrant, we are obligated to afford "great deference" to the issuing judge's determination that probable cause existed, provided that there existed a "substantial basis" for the issuing judge's conclusion. United States v. Leon, 468 U.S. 897, 914, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); Illinois v. Gates, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
Clearly, for a search warrant to be valid, it is not necessary that there exist direct proof that the objects of the search are located in the place to be searched. *805 As Professor LaFave observes in his leading treatise on search and seizure:
[C]ertainly, there are many instances in which, once the perpetrator of the crime has been identified, it will be permissible to infer that the instrumentalities and fruits of that crime are presently in that person's residence.... That point emerges clearly in United States v. Jones, [994 F.2d 1051 (3d Cir.1993),] where three men wearing dark clothing and ski masks and carrying firearms robbed the operators of a check-cashing van of about $275,000. Investigation over the next two weeks identified the perpetrators, at which point search warrants were issued to search their residences for the money, clothing and guns. The district court, which suppressed the evidence found in execution of the warrants, emphasized the distinction between probable cause to arrest and probable cause to search. Although the court of appeals reversed, it also started with the premise that probable cause to arrest does not automatically provide probable cause to search the arrestee's home. * * * However, accepting this premise does not mean that the information used to determine if there was probable cause to arrest is irrelevant when determining if there is probable cause to search. In fact, just the opposite is true. If there is probable cause to believe that someone committed a crime, then the likelihood that that person's residence contains evidence of the crime increases.
The [Third Circuit] concluded that this likelihood was substantial enough in the [Jones] case, as (i) "cash is the type of loot that criminals seek to hide in secure places like their homes," and the intervening two weeks was "long enough to enable the defendants to hide the cash" and "not so long as to dispel the likelihood that it would still be in their residences"; and (ii) "the other items sought, clothing and firearms, are also the types of evidence likely to be kept in a suspect's residence."
2 Wayne R. LaFave, Search and Seizure, A Treatise on the Fourth Amendment § 3.1(b) (3rd ed.1986) (emphasis supplied) (footnote omitted). See also United States v. Jenkins, 901 F.2d 1075,1081 (11th Cir.1990) (probable cause that security guard stole cash sufficient to justify search of his residence); United States v. Lockett, 674 F.2d 843, 846 (11th Cir.1982) (probable cause that defendant has committed theft sufficient to justify search of his residence); United States v. Maestas, 546 F.2d 1177, 1180 (5th Cir.1977) (probable cause that defendant was counterfeiting sufficient to search residence for instruments of the crime); United States v. Rahn, 511 F.2d 290, 294 (10th Cir.1975) (probable cause that defendant stole guns sufficient to search residence); United States v. Lucarz, 430 F.2d 1051, 1055 (9th Cir.1970) (nexus element of search warrant may be inferred from nature of items to be seized and other factors).
Here, Appellee makes no argument that police lacked probable cause to arrest him. Indeed, the affidavit clearly links him to the crime through direct evidence. When this evidence is considered in light of the nature of the crime and items to be seized and the fact that three days had elapsed since the crime occurred, we conclude that the issuing judge had a substantial basis for inferring that these items were probably at Appellee's residence. In our view it makes no difference that the items sought were not the "fruits" of a crime. The inference that items such as shoes, a gun, handcuffs and a badge might be kept in a criminal's residence is similarly (if not more) compelling. See, e.g., United States v. Jones, 994 F.2d 1051, 1056 (3d Cir.1993) (probable cause that *806 defendant committed robbery supported issuance of warrant to search for suspect's clothes); United States v. Anderson, 851 F.2d 727, 729 (4th Cir.1988) (probable cause that defendant committed murder sufficient to support warrant to search residence for gun used in murder); United States v. Steeves, 525 F.2d 33, 38 (8th Cir.1975) (people who own pistols usually keep them in their homes); Bastida v. Henderson, 487 F.2d 860, 863 (5th Cir.1973) (likely place to find assailant's gun is on his person or in his residence).
Even assuming that a "substantial basis" for issuance of the warrant did not exist, however, we nevertheless conclude that the evidence should not have been suppressed. No evidence was adduced to establish bad faith on the part of the police, nor can it be said that the police acted unreasonably in reliance on the warrant. Under these circumstances, the so-called "good faith" exception to the exclusionary rule clearly applies. Leon, 468 U.S. at 916-926, 104 S.Ct. 3405.
REVERSED and REMANDED.
SAWAYA, C.J., and ORFINGER, J., concur.