DAVIS, Judge.
The State challenges the trial court order granting Alvoid Kennon’s motion to suppress the physical evidence gathered in connection with drug possession charges against Kennon. We reverse.
When reviewing a motion to suppress, the trial court’s factual findings must be affirmed if supported by competent, substantial evidence, Caso v. State, 524 So.2d 422 (Fla.1988), while the trial court’s application of the law to those facts is reviewed de novo, Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).
In granting the motion to suppress here, the trial court accepted the facts as laid out in the application for search warrant. According to the application, the confidential informant (Cl) informed law enforcement that he could purchase drugs at 113 Fifth Avenue East in Bradenton. As officers watched the Cl approach that residence, Kennon exited the house, handed a baggie of cocaine to the Cl, and walked back inside the house.
An affidavit in a warrant application must allege both “that a particular person has committed a crime — the commission element, and ... that evidence relevant to the probable criminality is likely located at the place to be searched — the nexus element.” Burnett v. State, 848 So.2d 1170, 1173 (Fla. 2d DCA 2003) (citing United States v. Vigeant, 176 F.3d 565, 569 (1st Cir.1999)). The trial court here concluded that based on the facts found in the affidavit, there was no nexus between the residence and the criminal behavior. We disagree.
The Cl specified the residence as the location where he could purchase drugs from Kennon, Kennon exited the house in order to make the sale, and Kennon reentered the house immediately after making the sale. Applying the law to these facts, we conclude that the instant affidavit properly alleged that Kennon possessed drugs within the residence. As such, the trial court erred in concluding that the nexus element had not been satisfied.
We, therefore, reverse the trial court’s order granting Kennon’s motion to suppress the physical evidence discovered as a result of the search warrant and remand for further proceedings.
Reversed and remanded.
WHATLEY and SALCINES, JJ., concur.