922 So.2d 447 (2006)
Myrick T. NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3801.
District Court of Appeal of Florida, Second District.
March 15, 2006.
*448 James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Myrick T. Nelson, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Myrick T. Nelson appeals his judgment and sentence for trafficking in cocaine. Mr. Nelson argues that the arresting officer did not have probable cause to stop his vehicle. The stop had resulted in a search of the vehicle that led to the discovery of a quantity of cocaine. Because we conclude that there was no probable cause for the stop, we reverse the judgment and sentence.

Facts and Procedural History
Mr. Nelson moved to suppress the cocaine that formed the basis for the trafficking charge. At the pretrial hearing on the motion to suppress, the primary witnesses were Mr. Nelson and Officer Bernard Rawls of the St. Petersburg Police Department. Officer Rawls was the arresting officer. In its order denying the motion, the trial court focused on the relative credibility of Mr. Nelson and Officer Rawls. The trial court found that Mr. Nelson was not credible and that Officer Rawls offered "[a] more believable version *449 of the facts."[1] Therefore, our review of the probable cause issue is based on Officer's Rawls' testimony and the trial court's findings of fact.
Shortly after midnight on December 13, 2002, Mr. Nelson was in the driver's seat of a rented vehicle that was parked in the parking area of an apartment complex in St. Petersburg. The parking area was connected to an alley that provided access to the street. Officer Rawls had been on patrol when he noticed the vehicle and two men sitting in it. Officer Rawls testified:
As I started to come through the alley, I stopped to see if they were going to come out because I observed the brake light on. The vehicle did not move, so I proceeded to go through the alley. Again, at that point, the vehicle started to back up. I stopped my vehicle suddenly and activated my emergency lights.
. . . .
At that point in time, I advised the communications center that I was performing a traffic stop.
After the traffic stop, a driver's license check disclosed that Mr. Nelson's license was suspended. Officer Rawls arrested Mr. Nelson for driving with a suspended license and searched the vehicle. Inside the trunk, he discovered a cigar box that contained cocaine.
The trial court found that Officer Rawls waited "one to two minutes" to determine whether Mr. Nelson was going to start backing into the alley. During the hearing, the trial court asked the officer to draw a map and explain what had happened in the alley. Officer Rawls explained:
At this point, . . . after I noticed that he's not going to back up or I think he's not going to back up, I'm travelling eastbound. At this point, . . . I observe that he's going to  his reverse lights come on. That's when I start to go forward and I activate my lights.
Responding to further questioning by the trial court, the officer testified that Mr. Nelson backed only about two feet before he stopped his car approximately two feet away from the officer's cruiser. In his earlier testimony, the officer had stated, "I stopped Myrick Nelson because he nearly ran into my vehicle  backed into my vehicle. That was the reason for the stop."
At the hearing, the trial court noted that from Mr. Nelson's point of view, the police cruiser had stopped and could have appeared to be parked. The trial court framed the issue under consideration as follows:
So the question becomes when there is a car parked, how close can I back to it without hitting it, without incurring an improper backing infraction[?] We all maneuver in and out of parking lots and we come within . . . inches of vehicles. And as long as they don't trade paint, I don't think anybody's violated anything.
So just by beginning to back up, did he commit an infraction sufficient to stop him and ask for his driver's license?
In response, the State argued that Mr. Nelson had violated the "limitations on backing" statute. Section 316.1985(1), Florida Statutes (2002), provides: "Limitations on backing.  (1) The driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic." After the hearing, the trial court entered an *450 order denying the motion to suppress. The cocaine was admitted into evidence at Mr. Nelson's trial, and he was found guilty as charged of trafficking in cocaine.

Discussion
The issue before us is whether Officer Rawls had an objective basis to stop Mr. Nelson's vehicle. "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). When considering the validity of a traffic stop, Florida courts use an "objective test which asks only whether any probable cause for the stop existed." Holland v. State, 696 So.2d 757, 759 (Fla. 1997). A violation of a traffic law can provide the probable cause for a stop. State v. McCabe, 845 So.2d 327, 329 (Fla. 2d DCA 2003).
At the appellate level, consideration of a driver's responsibility while backing has generally occurred in the context of negligence cases. "The general rule . . . is that one manipulating a motor vehicle on the highway, whether backing, starting, or proceeding ahead, must exercise reasonable care, circumstances being the guide as to what constitutes reasonable care." Miami Paper Co. v. Johnston, 58 So.2d 869, 871 (Fla.1952). The Supreme Court of Florida has said that a backing driver must "exercise every . . . means at his hand to protect the life and property of others who may be in his path." Green v. Atl. Co., 61 So.2d 185, 186 (Fla.1952). In construing Florida's "limitations on backing" statute, the United States District Court for the Southern District of Florida said: "[I]t is that operator's duty to apprise the approaching vehicle of the contemplated entry and to see, and to yield to, any vehicle so near as to constitute a hazard as the backing automobile moves into the traveled way." Walker v. Grant, 314 F.Supp. 442, 443 (S.D.Fla.1970) (citing § 317.731, Fla. Stat. (1967), which contained the same provision as § 316.1985(1), Fla. Stat. (2002)).
The trial court found that Officer Rawls had stopped his cruiser and was waiting to see if Mr. Nelson was going to "leave the area." The trial court also found that Mr. Nelson had backed his car only two feet and stopped immediately when the officer turned on his emergency overhead lights. Mr. Nelson's immediate stop fulfilled the requirement to "yield to" any automobiles that could be in his way. Mr. Nelson points out that the officer was not forced out of his path in the alley and that he was not required to swerve to avoid Mr. Nelson's vehicle. Considering the totality of the circumstances, we conclude that Mr. Nelson did not "interfere with other traffic." Thus Mr. Nelson did not violate section 316.1985(1), and there was no probable cause for the vehicle stop. Because the traffic stop was invalid, the trial court erred in denying the motion to suppress. See Moody v. State, 842 So.2d 754 (Fla.2003); Bowling v. State, 779 So.2d 613 (Fla. 2d DCA 2001). Accordingly, we reverse Mr. Nelson's judgment and sentence, and we remand this case to the trial court for further proceedings consistent with this opinion.
Reversed and remanded for further proceedings consistent with this opinion.
ALTENBERND and WHATLEY, JJ., Concur.
NOTES
[1] In reviewing the trial court's order, we defer to its factual findings, but review its "application of the law to the facts" de novo. State v. McCabe, 845 So.2d 327, 328 (Fla. 2d DCA 2003). "Determinations of . . . probable cause should be reviewed de novo on appeal." Connor v. State, 803 So.2d 598, 605 (Fla. 2001).