HAWKES, C.J.
The State of Florida seeks review of a trial court order suppressing evidence of child pornography found in the Defendant’s residence. The Bay County Sheriffs Office (BCSO) arrested Defendant for knowingly and unlawfully possessing digital videos of juveniles engaging in sexual conduct. The BCSO discovered these videos while executing a search warrant at Defendant’s residence. Prior to trial, Defendant moved to suppress the videos and all other evidence the BCSO uncovered during the search. The circuit court granted the motion to suppress, finding the affidavit supporting the warrant was void of probable cause.
We reverse, finding: (1) The county judge had a substantial basis for issuing a warrant for the search of the Defendant’s residence; and (2) Even if the warrant was technically flawed, the good faith exception to the exclusionary rule would apply.
Facts
On August 5, 2009, BCSO Officer Húsar applied for a warrant to search the Defendant’s residence for evidence of possession of child pornography. In a five-page supporting affidavit, he explained there was probable cause to believe the Defendant used a “peer to peer” file sharing program to access videos of pre-pubescent females engaging in sexual conduct.[1] He also explained the intricacies of the tracking process the BCSO used to determine such videos were being accessed from the Defendant’s Internet Protocol (IP) address.
Officer Húsar further indicated the BCSO had reason to believe the Defendant’s IP address had been used to access videos containing “known and suspected” child pornography a total of 123 times. The officer specifically requested BCSO be authorized to search the Defendant’s residence for the computer that was used to access his IP address on April 5, 2009, at 9:52 PM and on July 2, 2009, at 12:30 AM; as well as any computer related storage devices that could be used to collect files depicting the sexual performance of children.
*1152 After reviewing the affidavit, the county judge issued a search warrant authorizing the BCSO to search the Defendant’s residence. On August 11, 2009, Detective Hú-sar and other members of BCSO executed the warrant and arrested the Defendant. The officers seized fifteen movies containing “juveniles performing sexual conduct” from the Defendant’s home. Defendant admitted to downloading the movies, claiming he was “curious” and was “just looking.” The State ultimately charged the Defendant with nineteen discrete acts of possession of child pornography.
Prior to trial, the Defendant filed a motion to suppress all evidence seized in the search. He claimed the supporting affidavit did not provide a sufficient basis to support the county judge’s finding that probable cause existed to search his residence for child pornography videos.
The trial court granted the Defendant’s motion to suppress, finding: (1) the supporting affidavit failed to establish the time and date when the Defendant accessed a specific video file containing prepubescent females engaged in sexual acts; and (2) “[t]he term ‘suspected child pornography’ is not sufficient, by itself, to establish the probable cause requirement for a search warrant to seize child pornography.” The court subsequently declined to apply the good faith exception to the exclusionary rule.
Standard of Review
Article I, Section 12 of the Florida Constitution provides that a search warrant must be based on probable cause, supported by a sworn affidavit, and effectuated in conformity with the Fourth Amendment to the United States Constitution. To establish the requisite probable cause for a search warrant, the affidavit included in the warrant application must set forth two elements: (1) the commission element-that a particular person has committed a crime; and (2) the nexus element-that evidence relevant to the probable criminality is likely located at the place to be searched. See State v. Sabourin, 39 So.Sd 376 (Fla. 1st DCA 2010).
The task of an issuing magistrate is to review circumstances set forth in a supporting affidavit and make a “practical, common-sense decision” as to whether there is probable cause to issue a warrant. Id.; see also State v. Gonzalez, 884 So.2d 330, 333 (Fla. 2d DCA 2004). The task of a court charged with reviewing a magistrate’s decision to issue a warrant is to examine the four corners of the supporting affidavit and determine whether the magistrate had a “substantial basis” for making such a “practical, common-sense” decision. Sabourin at 380.
In the instant case, this Court is charged with reviewing a trial court ruling regarding whether a county judge made a proper probable cause determination prior to issuing a search warrant. Thus, our review is de novo. Id.
A. Commission Element
When attempting to secure a valid search warrant, an applicant is not required to provide a magistrate with direct proof the objects of the search are located in the place to be searched. See State v. Weil, 877 So.2d 803, 804 (Fla. 5th DCA), review denied, 889 So.2d 72 (Fla.2004). Rather, the applicant must supply a sworn affidavit setting forth facts upon which a reasonable magistrate could find probable cause to support such a search. Id. The issuing magistrate will then analyze the information contained in the affidavit, consider the type of crime being investigated, examine the nature of the items sought, and make a “practical, common-sense decision” as to whether there is a “fair probability” evidence of a crime will be found at a particular place. Illinois v. Gates, 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
*1153 This Court has previously recognized that collectors of child pornography tend to retain their materials in secure places, including their homes. See Sabourin at 381 (quoting U.S. v. Lamb, 945 F.Supp. 441, 460 (N.D.N.Y.1996)):
Since [child pornography] materials are illegal to distribute and possess, initial collection is difficult. Having succeeded in obtaining images, collectors are unlikely to quickly destroy them. Because of their illegality and the imprimatur of severe social stigma such images carry, collectors will want to secret them in secure places, like a private residence. This proposition is not novel in either state or federal court: pedophiles, preferential child molesters, and child pornography collectors maintain their materials for significant periods of time.
Here, the Defendant was suspected of possessing child pornography. A “practical, common-sense” reading of the five-page supporting affidavit clearly indicates Officer Húsar had reason to believe the Defendant, on at least 128 separate occasions, used a computer in his residence to access a specific IP address and download “known or suspected child pornography.” The affidavit also clearly indicates there was at least one occasion the Defendant accessed a file that Officer Húsar personally confirmed contained a video of prepubescent females engaging in sexual conduct. Based on the above information, it is reasonable to presume the county judge made a common-sense inference in determining there was a fair probability the Defendant had stored images of child pornography on a computer or other electronic storage device located in his residence.
B. Staleness/Nexus to Search for Evidence of Child Pornography
In evaluating staleness, a magistrate must determine whether, based on the particular facts of a given case, the nature of the criminal activity involved, and the evidence hoped to be found, there is probable cause to authorize a search. See Sabourin at 382. A magistrate is not required to leave common-sense at the courthouse door when evaluating whether a supporting affidavit satisfies the nexus element and supports a finding of probable cause. An issuing magistrate should, instead, assess the whole of the information provided in the affidavit application and determine whether there is probable cause to believe evidence will be found. See Sabourin at 382; see also United States v. Lacy, 119 F.3d 742, 745 (9th Cir.1997), cert. denied, 523 U.S. 1101, 118 S.Ct. 1571, 140 L.Ed.2d 804 (1998).
In the instant case, the trial court granted the Defendant’s motion to suppress, finding the affidavit supporting the warrant failed to indicate when the Defendant was believed to have downloaded child pornography. We disagree with the trial court’s conclusion.
In the supporting affidavit Officer Húsar expressly lists two specific dates on which the BCSO believed the Defendant downloaded videos of pre-pubescent females engaging in sexual activity. The affidavit goes on to specifically request authorization to search for and seize the computer used to access the Defendant’s IP address on those dates. Even if the specific sections of the affidavit where Officer Húsar lists the dates the Defendant used his computer to commit illegal conduct, when read in isolation, can be interpreted as vague; a practical, common-sense review of the entire affidavit leaves little doubt the BCSO had probable cause to warrant searching the Defendant’s residence for evidence of child pornography.
C. Good Faith Exception to the Exclusionary Rule
Even if the Defendant were correct in arguing the county judge lacked proba *1154 ble cause to issue the search warrant, we would still reverse the trial court’s decision to suppress evidence of child pornography found in the Defendant’s home.
In Leon, the United States Supreme Court recognized a good faith exception to the exclusionary rule that precludes suppression of evidence secured as a consequence of an invalid warrant when the officer who conducts the search does so in objectively reasonable reliance upon the validity of the warrant. See U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); see also Sabomin at 384 (holding “[t]o determine whether an officer acted in objectively reasonable reliance upon the validity of a warrant, courts must assess whether, given the totality of the circumstances, a well trained officer “armed with the information possessed by the officer who conducted the search” would have believed the warrant to be valid.”).
Here, the search warrant was not so lacking in an indicia of probable cause as to render Officer Husar’s belief in its validity unreasonable. Officer Húsar was informed via an intrastate computer program that certain files containing child pornography were being viewed in Bay County; he personally observed that the files depicted pre-pubescent girls engaging in sexual acts; and he traced the files to the Defendant’s IP address. Officer Hú-sar then completed a five-page affidavit relaying his belief the Defendant was storing child pornography on a computer in his residence and submitted it to the county judge. The county judge reviewed the application and issued a search warrant. Nothing in the record indicates the county judge abandoned his neutral or detached position in making this determination; nor is there any other reason Officer Húsar should have doubted the validity of the county judge’s determination.
Given the circumstances, it is apparent that a reasonable, well-trained officer “armed with the information” possessed by Officer Húsar would have believed the warrant to be valid. It was therefore objectively reasonable for him to conduct the search of the Defendant’s residence.
We reverse the trial court’s order to suppress evidence seized as a result of the warranted search of the Defendant’s residence and remand for further proceedings consistent with this opinion.
REVERSED.
DAVIS and THOMAS, JJ., concur.

. The affidavit explains that "peer to peer” programs are used by persons on the internet for the purposes of sharing files; that such files can consist of "photograph, video, audio, document, or any other type of file shared on the internet”; and that law enforcement nationwide has been involved in investigations concerning the distribution of child pornography via peer to peer networks.