CASANUEVA, Judge.
The State of Florida appeals the trial court’s order granting Jacqueline Faye Jones’s motion to suppress evidence found in her residence pursuant to a search warrant. Although the affidavit filed in support of the application for a search warrant set forth facts describing two controlled buys occurring outside the residence, Ms. Jones’s motion to suppress contended the search warrant was issued without probable cause. While the record reflects that the trial court granted the motion, it does not disclose the trial court’s specific rationale for doing so. Accordingly, we proceed on the grounds articulated in Ms. Jones’s motion. After *21 carefully reviewing the affidavit, we conclude that it contained sufficient probable cause to support the warrant’s issuance. Accordingly, we reverse.

Affidavit for Search Warrant

In the affidavit for the search warrant, Detective Bernardo Velazquez testified that a confidential informant (Cl) informed him that illegal narcotics were being sold from the residence at 1871 33rd Street. Detective Velazquez testified that the Cl had been associated with the Sarasota Police Department for approximately five months and during that time had provided narcotics intelligence, had purchased narcotics under controlled circumstances, and had been the instrumental informant in obtaining numerous search warrants which had resulted in the arrests of persons for narcotics violations. Detective Velazquez testified that he knows the Cl to be proven reliable.
Based on the information received from the Cl, Detectives Velazquez and Fran-gioni began an investigation of the residence and set up two controlled buys there. The affidavit states that within a forty-eight-hour period of December 10, 2010, the two detectives met with the Cl, searched the Cl, and gave him twenty dollars with instructions to purchase illegal narcotics from any individual located inside or on the curtilage of the residence. The Cl waited outside the residence and a black female known to the Cl as “Fye [sic] Jones,” born July 14,1961, came out of the residence and sold two baggies of powder cocaine to the Cl in exchange for twenty dollars. After the controlled buy, the Cl was again searched. Surveillance and perimeter security for the controlled buy was conducted by Detectives Frangioni and Howell in addition to a third detective. An identical second controlled buy was conducted within a forty-eight-hour period of December 21, 2010, during which Ms. Jones again sold two baggies of powder cocaine to the Cl in exchange for twenty dollars. Based on these facts, a search warrant was issued on January 11, 2011, and it was executed on January 13, 2011.[1]

Analysis

In determining whether the search warrant was properly issued, the trial court was required “to examine the four corners of the supporting affidavit” to decide if there was a substantial basis for issuing the warrant. State v. Williams, 46 So.3d 1149, 1152 (Fla. 1st DCA 2010). “The trial court should afford ‘great deference’ to the magistrate’s decision and should not review the magistrate’s decision de novo.” State v. Exantus, 59 So.3d 359, 361 (Fla. 2d DCA 2011). The present case is unique because the judge who issued the search warrant was the same judge who later granted the motion to suppress evidence found during the search. The judge offered no explanation as to why she determined that the warrant had been wrongly issued. Regardless, the trial judge’s determination regarding whether probable cause existed to support the issuance of the warrant is examined by this court using the de novo standard of review. See Pagan v. State, 830 So.2d 792, 806 (Fla.2002). *22 Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); see also Pagan, 830 So.2d at 806 (“In determining whether probable cause exists to justify a search, the trial court must make a judgment, based on the totality of the circumstances, as to whether from the information contained in the warrant there is a reasonable probability that contraband will be found at a particular place and time.”). “[A]n applicant is not required to provide a magistrate with direct proof the objects of the search are located in the place to be searched.” Williams, 46 So.3d at 1152. This court held in Burnett v. State, 848 So.2d 1170, 1173 (Fla. 2d DCA 2003), “the affidavit in the warrant application must satisfy two elements: first, that a particular person has committed a crime — the commission element, and, second, that evidence relevant to the probable criminality is likely located at the place to be searched — the nexus element.” (citing United States v. Vigeant, 176 F.3d 565, 569 (1st Cir.1999)).
*21 The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
*22 We believe that the case at bar is controlled by State v. Kennon, 901 So.2d 375 (Fla. 2d DCA 2005). There, the Cl advised law enforcement that he was able to purchase narcotics at a specific residence. Id. at 376. Acting on that information, the officers observed the Cl approach the residence and observed Kennon exit the residence, hand a baggie of cocaine to the Cl, and walk back inside the residence. Id. The trial court granted the motion to suppress based on its finding that there was no nexus between the criminal behavior and the residence. This court reversed, holding that the “affidavit properly alleged that Kennon possessed drugs within the residence,” and therefore, the trial court erred in finding that the nexus element had not been met. Id.
The affidavit in the present case contains more information regarding the reliability of the Cl who supplied the information and conducted the controlled buys than the affidavit in Kennon. See Gates, 462 U.S. at 230, 103 S.Ct. 2317 (holding that the reliability, veracity, and “basis of knowledge” of an informant are all extremely relevant and should be considered in a totality of the circumstances analysis in determining whether there is probable cause to believe that narcotics are located at a particular residence). Further, there were two controlled buys in the present case, whereas in Kennon there was just one.
We also conclude that the affidavit in the present case satisfied both elements noted in Burnett, 848 So.2d at 1173. First, it showed that a particular person had committed a crime — Ms. Jones sold cocaine to the Cl on two occasions. Second, it showed that evidence relevant to the probable criminality was likely located at the residence — the Cl informed the detective that illegal narcotics were being sold from the residence and Ms. Jones had cocaine in her possession when she stepped outside of the residence on two separate occasions to sell it to the Cl, which sales occurred approximately eleven days apart. Therefore, there was a fair probability that contraband would be found in the residence. See Gates, 462 U.S. at 238, 103 S.Ct. 2317.
Ms. Jones asserts that the affidavit did not establish the probability of criminal activity in the residence because the controlled buys were conducted outside of the residence and there was no information establishing Ms. Jones’s connection to the residence.[2] However, cases involving a controlled buy at a residence have never required that the affidavit for a search *23 warrant establish that the seller had an ownership or lessee interest in the residence.
In State v. Gieseke, 328 So.2d 16, 17 (Fla.1976), the affidavit stated that during the previous ten days, the detective supervised a controlled buy during which a reliable Cl was given twenty dollars, was searched, and was observed by the detective entering the building at issue and leaving it fifteen minutes later. The Cl returned to the detective, who again searched the Cl and found one baggie of marijuana. The Florida Supreme Court held that “the successful controlled buy was a sufficient demonstration of the probable reliability of the informant’s intelligence information relative to the presence of additional contraband on the premises” and that the controlled buy alone was sufficient to conclude that more narcotics remained in the premises. Id. at 18. There is no indication in Gieseke that the person who sold the drugs to the Cl was identified or that the detective determined who owned or lived in the building. See also United States v. Warren, 42 F.3d 647, 650, 653 (D.C.Cir.1994) (holding that there was probable cause to issue search warrant where affidavit provided that reliable Cl had informed police crack cocaine was being stored and sold at apartment and one controlled buy was conducted at that apartment; however, there was no indication that affidavit contained information regarding who lived at apartment or who sold cocaine from the apartment); United States v. Allen, 960 F.2d 1055, 1056-57 (D.C.Cir.1992) (concluding that there was probable cause to issue search warrant where affidavit provided that Cl of well-established reliability told police that drugs were being sold from residence and Cl made a single controlled buy of crack cocaine from an unknown individual in the hallway of the residence).
Similarly, in Clark v. State, 635 So.2d 1010, 1011 (Fla. 1st DCA 1994), the affiant arranged for a Cl to purchase drugs at a house and the Cl was searched and given forty dollars to buy the drugs. Although the affiant maintained visual surveillance of the Cl as he walked to, entered, and left the house and the Cl returned with marijuana, the affiant did not search the Cl after the marijuana purchase. Id. There was no indication that the affidavit asserted the Cl had proven reliable in the past. Id. Further, there was no indication that police established that the person who sold the marijuana during the controlled buy lived at the residence.
In Clark, the First District rejected the appellant’s argument that, because the officer failed to search the Cl after the purchase, it was not a controlled buy, and therefore, the affidavit lacked sufficient probable cause. Id. at 1012. The court held that the circumstances of the buy were sufficient to show the Cl’s reliability and that the affidavit established the “probability of criminal activity” at the house, noting that “probable cause is a practical, common-sense question, the standard for which is the probability of criminal activity, and not a prima facie showing of such activity.” Id.
We also conclude that the fact that Ms. Jones stepped outside the residence and sold the drugs to the Cl does not lessen the probability that contraband would be found in the residence. Cf. State v. Price, 564 So.2d 1239, 1240-41 (Fla. 5th DCA 1990) (holding that warrant to search residence was supported by sufficient probable cause where one controlled buy was made at the residence and second controlled buy was made at a hotel); see also Delgado v. State, 556 So.2d 514, 516 (Fla. 2d DCA 1990) (concluding that there was probable *24 cause for search warrant where “unwitting informant” purchased cocaine for officer from inside of residence and there is no indication in opinion that owner or renter of residence was identified).
We further note that the motion to suppress could have been denied on another ground. The detectives could permissibly rely on valid case law in applying for the warrant. In Davis v. United States, — U.S. -, 131 S.Ct. 2419, 2429, 180 L.Ed.2d 285 (2011), the Court held that “[e]vidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule.” Here, detectives could reasonably rely on Kennon, 901 So.2d 375, in applying for the search warrant, and therefore, evidence obtained pursuant to that warrant was not subject to the exclusionary rule.
Finally, we do not find merit in Ms. Jones’s argument that the information concerning the illegal drugs was stale. The last controlled buy occurred within a forty-eight-hour period of December 21, 2010, and the search warrant was issued twenty-one days later on January 11, 2011. “The courts of this state have generally refused to invalidate warrants because of ‘staleness,’ in the absence of extraordinary circumstances, if the issuance of the warrant occurs within thirty days of the observation of the evidence establishing probable cause.” State v. Lewis, 605 So.2d 590, 591 (Fla. 2d DCA 1992).
Accordingly, we reverse the order granting Ms. Jones’s motion to suppress and remand for proceedings consistent with this opinion.
Reversed and remanded with directions.
VILLANTI and MORRIS, JJ., Concur.

. Ms. Jones was charged by information with trafficking in cocaine and possession of a controlled substance.

. Although it is not very clear, the transcript reflects that this may have been the grounds *23 for the trial court’s ruling.