LaROSE, Judge.
Artesha Williams appeals her conviction and sentence after pleading no contest to drug possession charges. See §§ 898.13, .147, Fla. Stat. (2012). We have jurisdiction. See Fla. R. App. P. 9.140(b)(2)(A)®. Ms. Williams argues that the trial court erred in denying her dispositive motion to suppress evidence. The magistrate properly issued the search warrant, and the trial court properly denied Ms. Williams’ motion. We affirm.

Background

A confidential informant (Cl) reported to Tampa police officers that a thirty-to thirty-five-year-old black female, known as Teesha, sold crack cocaine from her home. The Cl claimed to have purchased crack cocaine from Teesha multiple times during the prior six months. The Cl told the officers that Teesha always had crack cocaine available for sale.
The Cl identified Ms. Williams, her home, and her vehicle. Police officers set up two controlled buys between the Cl and Ms. Williams at her home. During the first buy, the officers gave the Cl twenty dollars to purchase one piece of crack cocaine; they maintained visual and audio contact with the Cl. The Cl purchased the drugs from Ms. Williams inside her home. Police observed a car registered to Ms. Williams parked outside during the controlled buy. Police officers executed a similar controlled buy the next day.
After the second controlled buy, the Cl advised police officers that Ms. Williams might have narcotics and a gun in her vehicle. Police officers stopped Ms. Williams for a traffic violation and searched her vehicle. They found neither drugs nor firearms.
Based on the success of and the information obtained from the controlled buys, the investigating police officer filed an affidavit in support of a request for a search warrant. The affidavit contained no information regarding the traffic stop or the Cl’s failed tip. The magistrate issued the warrant twenty-eight days after the second controlled buy. Police officers executed the warrant three days later. They recovered five pieces of crack cocaine, three razor blades with cocaine residue, two digital weight scales, one baggie of marijuana, and one revolver.
Ms. Williams moved to suppress the evidence, arguing that the supporting affidavit was insufficient to establish probable cause, was stale, and excluded material facts that undermined the Cl’s credibility. The trial court denied her motion. Ms. Williams entered a no-contest plea, reserving her right to appeal the denial of her dispositive motion.

Analysis

In reviewing an order denying a motion to suppress, we defer to the trial court’s factual findings, but review the application of the law to the facts — including determinations of probable cause — de novo. Nelson v. State, 922 So.2d 447, 449 n. 1 (Fla. 2d DCA 2006) (citing Connor v. State, 803 So.2d 598, 605 (Fla.2001); State v. McCabe, 845 So.2d 327, 328 (Fla. 2d DCA 2003)).
Before issuing a search warrant for a home, the magistrate must examine the supporting affidavit and determine whether probable cause justifies the search warrant. U.S. Const. amend. IV; § 933.07(1), Fla. Stat. (2011). That examination is limited to the four corners of the supporting affidavit. Art. I, § 12, Fla. Const. A legally sufficient affidavit must establish two elements: “first, that a particular person has committed a crime — the commission element, and second, that evidence relevant to the probable criminality is likely located at the place to be *760 searched — the nexus element.” Burnett v. State, 848 So.2d 1170, 1173 (Fla. 2d DCA 2003) (citing United States v. Vigeant, 176 F.3d 565, 569 (1st Cir.1999)). The reviewing magistrate must “make a practical, common-sense decision whether, given all the -circumstances set forth in the affidavit [,] ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.” Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). We assay the affidavit’s allegations and surrounding circumstances to determine whether evidence relevant to Ms. Williams’ probable criminality of possession and sale of drugs was likely located at her home.
In State v. Jones, 110 So.3d 19 (Fla. 2d DCA 2013), we reversed the trial court’s order granting a motion to suppress evidence found during a home search pursuant to a search warrant. Id. at 24. The supporting affidavit contained information from a reliable Cl and detailed two controlled buys occurring within the home’s curtilage. Id. at 21. The magistrate issued the warrant three weeks later. Id. at 24. We held that the supporting affidavit established sufficient probable cause for the warrant and subsequent search. Id. Similarly, the affidavit here portrays a reliable Cl and two controlled buys in Ms. Williams’ home. The Cl had known Ms. Williams for at least six months and had made numerous unverified drug purchases from Ms. Williams.
 A warrant must also be issued and executed timely. Ms. Williams contends that the twenty-eight day gap between the last controlled buy and issuance renders the warrant stale. See State v. Lewis, 605 So.2d 590, 591 (Fla. 2d DCA 1992). Generally, we adhere to a thirty-day rule of thumb between the events described in the affidavit and issuance of the warrant. Pilieci v. State, 991 So.2d 883, 890 (Fla. 2d DCA 2008). Under that standard, Ms. Williams’ argument fails. We acknowledge, however, that there is no bright-line rule. Id.; see State v. Felix, 942 So.2d 5, 9 (Fla. 5th DCA 2006) (“Staleness should be evaluated in light of the particular facts of a given case, the nature of the criminal activity, and the evidence hoped to be found.” (citing United States v. Lacy, 119 F.3d 742, 745 (9th Cir.1997))).
While the expiration of a thirty-day period commonly results in a finding of staleness, courts may extend the general rule based on the “freshness” factors established in Montgomery v. State, 584 So.2d 65 (Fla. 1st DCA 1991). These factors include evidence of a pattern of ongoing criminal activity; the nature of the object sought; the nature of the criminal activity involved; whether there was a continuing flow of information or an ongoing investigation; and the size or supply of the contraband as it relates to the suspect’s ability to dispose of it quickly. Id. at 67 (citations omitted); Pilieci, 991 So.2d at 891 (citing Montgomery, 584 So.2d at 67). An application of these factors to our facts also renders Ms. Williams’ argument unavailing.
In Pilieci, we held that the supporting affidavit failed to establish probable cause because there was “only a single sale of an undescribed quantity of cocaine from an unidentified person temporarily located at the [search location] on a single occasion,” which occurred twenty-nine days before the warrant’s issuance. 991 So.2d at 894-87. In contrast, here, the Cl made two separate controlled buys at a specific location, for a particular amount of cocaine, and from an identifiable source. During each controlled buy, Ms. Williams retrieved the drugs from a larger bag of contraband, suggesting the means to sustain ongoing criminal activity. This evidence, coupled with Ms. Williams’ constant *761 availability to dispense contraband, validates the conclusion that contraband was located in her home twenty-eight days after the last controlled buy.
Finally, Ms. Williams contends that the affidavit omitted material facts regarding the CI’s reliability. The Cl advised police officers that Ms. Williams “possibly5’ had drugs and a gun in her vehicle; no such items were found in a subsequent traffic stop. We “must determine whether the omitted facts, if added to the affidavit, would have defeated probable cause and whether the omission resulted from intentional or reckless police conduct that amounts to deception.” Pagan v. State, 830 So.2d 792, 807 (Fla.2002).
The erroneous tip did not alter the nexus between the crime and the probability of finding contraband in Ms. Williams’ home. The magistrate’s finding of probable cause was not adversely impacted. See State v. Gieseke, 328 So.2d 16, 18 (Fla. 1976) (holding that a “controlled buy alone is sufficient factual premise from which the Affiant and the Magistrate could conclude that additional contraband remained on the premises”). The omission resulted from the affiant’s desire to provide relevant information regarding the search of Ms. Williams’ home, not her vehicle. Our record discloses no intentional or reckless conduct by police officers. Finally, even if the search warrant was invalid for this omission, the evidence still would be admissible under the good-faith exception established in United States v. Leon, 468 U.S. 897, 926, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (holding where affidavit shows sufficient evidence to create disagreement among reasonable judges as to probable cause, officers’ reliance on magistrate’s probable cause determination is objectively reasonable and evidence seized is admissible under good-faith exception even where warrant is subsequently found deficient as stale or lacking in Cl credibility).
The magistrate properly issued the search warrant, and the trial court properly denied Ms. Williams’ motion to suppress.
Affirmed.
KELLY and MORRIS, JJ., Concur.