IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


STATE OF FLORIDA,

       Appellant,

 v.                                     Case No.  5D16-1717

SCOTT BRANDON HAYWARD,

       Appellee.

_____/

Opinion filed March 31, 2017

Appeal from the Circuit Court
for Orange County,
Alicia Latimore, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellant.

James S. Purdy, Public Defender, and
Robert E. Wildridge, Assistant Public
Defender, Daytona Beach, for Appellee.


EVANDER, J.

The State appeals an order suppressing evidence secured pursuant to a search

warrant.  Because there was probable cause to support the search warrant, we reverse.

The search warrant affidavit was executed by Detective Kuzma on October 7,

2015.  Kuzma averred that there was probable cause to believe that cocaine and

methamphetamine were being kept at the residence of Appellant, Brandon Hayward, and his girlfriend. After detailing his experience and training, Detective Kuzma attested that earlier that day, he and other officers had used a confidential source to conduct a controlled purchase of four ounces of cocaine from Hayward for $4800. The confidential source requested that Hayward deliver the cocaine to him at a certain IHOP parking lot. Hayward told the confidential source that the delivery would be made in fifteen to twenty minutes.

At the time Hayward received the call from the confidential source, he was under surveillance by Detective Kuzma and another officer. Detective Kuzma observed Hayward drive from a shopping plaza to his residence. Hayward then exited his car and entered his residence. Approximately fifteen minutes later, Hayward and his girlfriend left their residence and drove to the designated IHOP parking lot. After parking the car, Hayward exited the vehicle while his girlfriend remained in the passenger seat. When uniformed police officers approached Hayward, he unsuccessfully attempted to flee. During the short-lived chase, Hayward threw a clear plastic bag containing suspected cocaine. Kuzma tested the suspected cocaine recovered from the discarded plastic bag using a field presumptive test kit. The field presumptive test indicated a positive reaction to the presence of cocaine. The bag of cocaine weighed 113 grams, or roughly four ounces.

A search of Hayward's vehicle was conducted and resulted in the discovery of another bag of powder cocaine, a bag of methamphetamine, an electronic scale, and a bag of small blue plastic baggies, all located in the center console of the vehicle. The

2

bag of cocaine weighed 46.9 grams and the bag of methamphetamine weighed 16.5 grams.

Detective Kuzma concluded his affidavit by reciting, "Your Affiant believes based on his investigation, that additional controlled substances, evidence of distribution of controlled substances, and proceeds from the sale/delivery of controlled substances is stored inside [Hayward's] residence." The search warrant was executed later that day and resulted in the seizure of approximately 274 grams of cocaine.

Hayward and his girlfriend were jointly charged with trafficking in 28 or more grams of cocaine, trafficking in 200 or more grams of cocaine, trafficking in a controlled substance, conspiracy to traffic in 200 or more grams of cocaine, and possession of drug paraphernalia. Hayward was also charged with resisting an officer without violence.

Hayward filed a motion to suppress the evidence seized in his residence, asserting that the search warrant affidavit did not contain sufficient facts to establish probable cause that contraband would be found in his residence. At the hearing on the motion to suppress, the trial court heard very brief testimony from Hayward and Detective Kuzma. To establish his standing to contest the warrant, Hayward testified that he lived at the apartment that was the subject of the search warrant. Detective Kuzma testified that everything he included in the search warrant affidavit was true and accurate and that he did not omit any information.

The trial court granted Hayward's motion, finding that the nexus needed to search Hayward's apartment was not established. The court determined that there were insufficient grounds to establish probable cause to search Hayward's apartment and that the good faith exception did not apply because the affidavit was "completely void of any

3

indicia of probable cause to search Hayward's residence." The State timely appealed the order.

We conclude that Detective Kuzma's affidavit was sufficient to establish probable cause for the search warrant. Here, Hayward told the confidential source that he would deliver drugs to him in fifteen to twenty minutes. He then drove to his apartment, remained there for fifteen minutes, and then drove directly to the meeting place. He was apprehended with a large quantity of cocaine. Other drugs and paraphernalia were located in his vehicle. The police searched Hayward's apartment later that day. Under these facts, the circumstantial proof of a nexus was sufficient. The police had Hayward under surveillance from the time he spoke to the confidential source until the point of delivery. Hayward told the confidential source that he would meet him in fifteen to twenty minutes. During that brief interval, he drove to his apartment, where he remained for a short period before meeting the confidential source. Although there may be other reasons why Hayward stopped at his apartment before meeting the confidential source, a logical inference is that he went there to get the drugs.

Apart from the surveillance, other inferences from the nature of the crime also support the finding of probable cause to search the apartment. Hayward agreed to deliver four ounces of cocaine, a substantial quantity of drugs. It is reasonable to infer from a transaction such as this that Hayward maintained a supply of drugs for delivery, instruments with which to package the drugs, and a large quantity of cash proceeds from drug sales at his residence. In *State v. Weil*, 877 So. 2d 803 (Fla. 5th DCA 2004), we addressed the nexus between a crime and a suspect's residence to support a probable cause determination to search the residence. There, the defendant committed an

4

abduction and sexual battery using a police badge, handcuffs, and a gun. *Id.* at 804. Even though there was no direct evidence to link his residence to the crime, we concluded that, because it may be inferred that these items would be stored in the defendant's residence, there existed probable cause for the search. *Id.* at 805-06. Similarly, in this case, the magistrate could reasonably infer from the circumstances that Hayward was likely secreting the instrumentalities and proceeds of his illicit drug dealing at his home.

Even if we were to hold that Detective Kuzma's affidavit failed to establish probable cause to search Hayward's apartment, we would conclude that application of the good faith exception would require reversal of the trial court's order. The good faith exception to the exclusionary rule precludes the suppression of evidence secured pursuant to an invalid warrant where the officer who conducts the search does so in objectively reasonable reliance on the validity of the warrant. *State v. McGill*, 125 So. 3d 343, 351 (Fla. 5th DCA 2013) (citing *United States v. Leon*, 468 U.S. 897 (1984)).

In the instant case, Hayward argues that the good faith exception should not apply because Detective Kuzma's affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." We reject this argument. Detective Kuzma's affidavit set forth numerous facts that would, at a minimum, establish sufficient indicia of probable cause to justify an officer's reasonable belief in the existence of probable cause.

REVERSED and REMANDED.


TORPY and LAMBERT, JJ., concur.


5